◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DIAZ, Appellant.—Judgment, Supreme Court, Bronx County (Peggy Bernheim, J.), rendered on September 18, 1987, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and sentenced defendant as a predicate felony offender to two concurrent terms of 8 to 16 years of imprisonment, unanimously affirmed.

The evidence in this case established that appellant engaged in an exchange of a vial of crack for $10 in prerecorded buy money. The People's expert witness established that the vial contained cocaine. However, the People never introduced evidence which would have established the weight of the cocaine. Appellant's challenge to legal sufficiency of the evidence on this basis is meritless. Neither penal statute specifies a minimum weight as an element of either crime. (Penal Law § 220.16 [1]; § 220.39 [1].) Courts will not impose such an additional threshold burden on the prosecution when the Legislature, in enacting Penal Law article 220, clearly intended to omit a weight requirement from some provisions, just as it included it in other provisions *(People v Mizell,* 72 NY2d 651 [1988]).

Nor do we find error in the sentencing court's enhancement of appellant's minimum term in reliance on a predicate felony conviction in Florida. We find no significant omission in appellant's allocution to a waiver of his constitutional rights *(Boykin v Alabama,* 395 US 238 [1969]), although we note that there is no requirement that a court engage in a mechanical recitation of the rights waived *(People v Nixon,* 21 NY2d 338

[1967], *cert denied sub nom. Robinson v New York,* 393 US 1067 [1969]; *People v Harris,* 61 NY2d 9 [1983]). Appellant's plea was given voluntarily and he understood the nature of the charges against him *(People v Cummings,* 106 AD2d 294 [1st Dept 1984]). Appellant's allegations of mental illness at the time of the plea are not supported by the record of the Florida proceedings. Nor do we find constitutional infirmity in the allocution by the Florida court. It is apparent from the record that the plea was entered after an off-the-record plea conference in chambers; counsel, on behalf of appellant, in appellant's presence, admitted that the facts contained in the accusatory instrument established the prosecutor's prima facie case; and appellant did not refute either the accusatory instrument or counsel's acts.

We note that "merely showing that the defendant did not expressly admit a particular element of the crime in the factual allocution is not sufficient, by itself, to raise a constitutional claim" *(People v Moore,* 71 NY2d 1002, 1005 [1988]). All of the circumstances surrounding the Florida plea indicate that appellant knew the nature of the charges against him. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.