■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR DINGLE, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 4, 1989, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree and two counts of criminal possession of stolen property in the fourth degree, and sentencing him to four concurrent, indeterminate terms of imprisonment of 2 to 4 years, unanimously affirmed.

Defendant was convicted of stealing a wallet that contained two credit cards. On appeal he argues that a new trial is warranted because the court did not define the words "deprive" and "appropriate" for the jury. The trial evidence established that defendant gained entry to the seventeenth-floor offices of a Manhattan building by closely following an employee before the door closed. Defendant was then observed emerging from an employee's work area; the employee rushed to the area and saw that his jacket had been disturbed and that his wallet was missing. The employee then pursued and challenged defendant, who, when he reached the reception area, discarded the stolen wallet. Outside the offices, defendant was subdued. When the police arrived on the scene, defendant said that he had found the wallet. At the precinct, defendant said, "It wasn't a robbery, it was a larceny."

The judgment should be affirmed. Defendant's claim that the word "appropriate" should have been defined was not preserved by objection at trial. In any event, there is no likelihood that the absence of the amplified charge would have misled the jury. *(Cf., People v Matthews,* 61 AD2d 1017.) In the circumstances presented, defendant's guilt was established by his fleeting possession of the wallet. *(People v Alamo,* 34 NY2d 453, 457.)

We have examined defendant's other contention and find it to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.