■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JONES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in admitting as excited utterances the hearsay statements by decedent to police and medical personnel. We disagree. Decedent made those statements shortly after he had been critically wounded by two gunshots. At that time he was in severe pain and lapsing in and out of consciousness. In his statements he repeatedly expressed shock and astonishment at the events. Given those circumstances, Supreme Court correctly concluded that the statements were the result of the startling event, rather than studied reflection, and therefore admissible under the excited utterance exception to the hearsay rule *(see, People v Brown,* 70 NY2d 513, 517-522). Defendant further contends that the tape-recorded conversations, allegedly between decedent and the 911 dispatcher, were inadmissible because the People failed to establish the caller's identity. Because defendant failed to object to the admission of the tape on that ground, this issue has not been preserved for our review *(see,* CPL 470.05 [2]). In any event, since decedent identified himself on the tape, the approaching police sirens were heard on the tape, and decedent was still on the telephone when found by the police, the People adequately established that decedent was the caller.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Murder, 2nd Degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ