■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BURROUGHS, Appellant. (Appeal No. 1.) [595 NYS2d 264] —Judgment unanimously affirmed. Memorandum: Supreme Court did not abuse its discretion in directing that the indict-

ments be consolidated for purposes of trial *(see,* CPL 200.20 [4], [5]). Evidence of defendant's alleged prior assaults was relevant and admissible regarding charges that he subsequently assaulted and intimidated the victim of those offenses in an attempt to induce the victim to withdraw the initial charges. Moreover, defendant's alleged subsequent verbal threats and physical attacks were admissible to show defendant's consciousness of guilt regarding the initial charges. Thus, the offenses charged in each indictment were "joinable" for trial purposes *(see,* CPL 200.20 [2] [b]; *People v Bongarzone,* 69 NY2d 892, 895).

We reject defendant's contention that reversal is required on the ground that the trial court conducted a side-bar conference during voir dire in defendant's absence. The trial was held prior to October 27, 1992 and, thus, the propriety of the court's conduct is governed by the standards that applied before the decision in *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759; *see, People v Mitchell,* 80 NY2d 519).

There is no merit to defendant's contention that the trial court erred by failing to inquire whether defendant wished to testify when the defense rested without calling any witnesses *(see, People v Dougherty,* 190 AD2d 989; *People v Davis,* 190 AD2d 987; *People v Doe,* 186 AD2d 1036). Also without merit is defendant's contention that prosecutorial misconduct deprived him of a fair trial. The prosecutor's comments on summation were fair comment on the evidence or fair response to the defense summation. In our view, proof of defendant's guilt was overwhelming, and the jury verdict was not contrary to the weight of evidence. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.