■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD RUSSELL, Appellant. [595 NYS2d 997] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the proof at trial was insufficient to establish that the value of the stolen vehicle was in excess of $3,000 at the time the crime was committed. The owner testified that the vehicle was purchased new for $9,000 approximately nine months before it was stolen and that it was in "perfectly fine" condition. The evidence, viewed in the light most favorable to the People, sufficiently established that the vehicle's value exceeded the $3,000 statutory minimum (see, People v Diaz, 184 AD2d 327, lv denied 80 NY2d 928; People v Brown, 174 AD2d 448, lv granted 79 NY2d 854, affd 80 NY2d 361; People v White, 167 AD2d 256, 257, lv denied 77 NY2d 912). Furthermore, weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony, we conclude that the verdict convicting defendant of criminal possession of stolen property in the third degree is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). County Court was not required to conduct an independent inquiry to determine whether defendant was aware of his right to testify at trial and whether defendant waived that right (see, People v Burroughs, 191 AD2d 956; People v Dougherty, 190 AD2d 989). Defendant's sentence is not harsh and excessive. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Stolen Property, 3rd Degree.)

Present—Callahan, J. P., Green, Fallon, Boomer and Boehm, JJ.