■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER McKENZIE, Appellant. [602 NYS2d 466] —Judgment

unanimously affirmed. Memorandum: Defendant was convicted, following a bench trial, of burglary in the first degree, robbery in the second degree, assault in the third degree, unlawful imprisonment in the second degree, grand larceny in the fourth degree, and petit larceny.

There is no merit to the contention that the accomplice testimony was insufficient to support defendant's conviction. The independent corroborative evidence required pursuant to CPL 60.22 (1) need only connect defendant to the commission of the crime; it need not prove that defendant committed it *(see, People v Hudson,* 51 NY2d 233, 238) and need not independently establish each element of the offense *(see, People v Cunningham,* 48 NY2d 938, 940; *People v Edge,* 127 AD2d 889, 890, *lv denied* 70 NY2d 711). The victim testified in substantial accord with the testimony given by the two accomplices. The victim also independently identified defendant as one of the two men who broke into his house, and assaulted and robbed him. That testimony, which was accepted by the court as credible, was sufficient to corroborate the accomplices' testimony *(see, People v Smith,* 55 NY2d 945).

The court was not obligated to conduct an independent inquiry whether defendant was aware of his right to testify and whether defendant waived that right *(see, People v Russell,* 192 AD2d 1102). (Appeal from Judgment of Monroe County Court, Maloy, J.—Burglary, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.