■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WARDNER ARNOLD, Appellant. [607 NYS2d 996] —Judgment unanimously affirmed. Memorandum: Defendant contends that his absence from the side-bar questioning of a prospective juror concerning her acquaintance with a witness for the prosecution requires reversal. We disagree. The questioning of the prospective juror occurred in the presence of counsel after she responded in the affirmative to the court's inquiry whether any of the prospective jurors was "familiar with" any of the prospective witnesses scheduled to testify. Immediately after the side-bar conference, the prospective juror was excused. We conclude that, under the circumstances

of this case, "defendant['s] presence at the side-bar questioning would have been of no benefit" and defendant's "absence during such questioning would not have had a substantial effect on [defendant's] ability to defend" *(People v Sloan,* 79 NY2d 386, 393; *see, People v Velasco,* 77 NY2d 469, 473; *People v Johnson,* 201 AD2d 965 [decided herewith]; *People v Siler,* 197 AD2d 842).

We further conclude that the court did not abuse its discretion in permitting the prosecutor to cross-examine defendant, in the event he testified at trial, regarding his 1985 conviction for forgery *(see, People v Sandoval,* 34 NY2d 371; *People v Young,* 178 AD2d 571, *lv denied* 79 NY2d 955).

Defendant failed to preserve for our review his contention that the prosecutor's comments during summation shifted the burden of proof to defendant and we decline to review that issue in the interest of justice. There is no merit to defendant's contention that the trial court's charge on reasonable doubt had the effect of reducing the People's burden of proof *(see, People v Bryan,* 191 AD2d 1029, 1030-1031, *lv denied* 82 NY2d 714; *see also, People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759). Lastly, we reject defendant's contention that the court was required to conduct an independent inquiry to determine whether defendant was aware of his right to testify and whether defendant knowingly, intelligently and voluntarily waived that right *(see, People v Russell,* 192 AD2d 1102, *lv denied* 81 NY2d 1080; *People v Burroughs,* 191 AD2d 956, 957, *lv denied* 82 NY2d 715). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.