■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND JOHNSON, Appellant. [607 NYS2d 995] —Judgment unanimously affirmed. Memorandum: Defendant contends that the side-bar questioning of two prospective jurors regarding pretrial publicity requires reversal. A defendant's presence during questioning of prospective jurors on matters such as pretrial publicity can be "critical in making proper determinations in the important and sensitive matters relating to challenges for cause and peremptories" *(People v Sloan,* 79 NY2d 386, 392). However, here the questioning of two of the prospective jurors occurred in the presence of counsel, after the court inquired if any of the prospective jurors had made a study of the case, followed it on a day-to-day basis or paid particular attention to the case. The two prospective jurors who responded affirmatively were immediately excused after the side-bar conferences. Under those circumstances, we conclude that defendant's presence at the brief questioning would have been of no benefit and that his absence during the questioning did not have a substantial effect on his ability to defend. His exclusion from the questioning therefore does not require reversal *(see, People v Velasco,* 77 NY2d 469, 473). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J. —Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.