■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL RODRIGUEZ, Appellant. [610 NYS2d 217] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered March 17, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender to a term of from 6 to 12 years, unanimously modified to reduce the sentence to 5 to 10 years and otherwise affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), it was established beyond a reasonable doubt that defendant knowingly sold a vial of crack cocaine to an undercover officer *(see, People v Ryan,* 82 NY2d 497, 502). It was not necessary for the People to show that defendant sold any minimum amount of cocaine to establish his guilt of criminal sale in the third degree *(People v Mizell,* 72 NY2d 651, 654-656; *People v Diaz,* 157 AD2d 531, *lv denied* 75 NY2d 918).

Because the two prospective jurors that were questioned in defendant's absence were excused from the panel, no prejudice resulted from his absence *(People v Perez,* 196 AD2d 781; *People v Mills,* 200 AD2d 771). Likewise, defendant's presence was not mandated at a sidebar conference at which the attorneys merely argued, and the court determined, the legal issue of whether defendant's testimony had "opened the door" to cross-examination about a prior crime *(see, People v Dokes,* 79 NY2d 656, 660). This evidence that defendant had also previously sold both a real and fake vial of crack cocaine was properly admitted to refute defendant's claim that he did not know that the substance in one of the two vials he sold was crack cocaine and to establish knowledge, and the absence of a mistake or accident.

We find the sentence excessive to the extent indicated.

Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.