■ The People of the State of New York, Respondent, v Luis Castro-Garcia, Appellant. [612 NYS2d 711] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's request for a missing witness charge. Although it was evident from the prosecutor's voir dire and opening statement that the victim would not testify, defendant did not request a missing witness charge until both sides had rested. Defendant's request was, therefore, untimely *(see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Peterson,* 188 AD2d 1002, 1003, *lv denied* 81 NY2d 891).

We reject the contention that defendant was deprived of his right of confrontation when a police officer was permitted to testify to the victim's out-of-court identification of defendant as the victim's assailant. That testimony was properly admitted under the excited utterance exception to the hearsay rule *(see, People v Brown,* 70 NY2d 513; *People v Jones,* 175 AD2d 662, *lv denied* 79 NY2d 828).

Although a side-bar conference with a prospective juror was conducted in defendant's absence, that prospective juror was excused. Thus, reversal on that ground is not required *(see,*

*People v Keeton,* 203 AD2d 899 [decided herewith]; *People v Arnold,* 201 AD2d 965; *People v Johnson,* 201 AD2d 965).

Defendant was not deprived of the right to be present at the *Sandoval* hearing. The record reveals that the *Sandoval* hearing, as well as the *Wade* and *Huntley* hearings, was conducted in the courtroom and that defendant was present "throughout the uninterrupted proceedings" *(People v Sanders,* 199 AD2d 1011, 1012).

Finally, we conclude that the court's charge on reasonable doubt, viewed in its entirety, conveyed the proper standard to the jury *(see, People v Stokes,* 198 AD2d 847). (Appeal from Judgment of Onondaga County Court, Auser, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.