■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HINES, Appellant. [614 NYS2d 7] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered September 5, 1991, convicting defendant, after jury trial, of attempted robbery in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

There is no merit to defendant's contention that he was deprived of his right to be present during a material stage of the proceedings when the court conducted a voir dire sidebar conference with a prospective juror. Quite apart from the fact that the record is silent with respect to whether or not defendant was present, no prejudice, or violation of *People v*

*Sloan* (79 NY2d 386) can be discerned as the juror was later peremptorily excused *(see, People v Rodriguez,* 203 AD2d 92). Defendant's claim concerning the court's alleged violation of the jury selection procedure mandated by CPL 270.15 (3) is unpreserved for appellate review *(People v Ortiz,* 69 AD2d 825), and we decline to review in the interest of justice. Were we to do so, we would find that defendant suffered no prejudice *(People v Howard,* 200 AD2d 538). Defendant also failed to preserve his *Batson (Batson v Kentucky,* 476 US 79) claim concerning the prosecutor's peremptory challenge to prospective juror Ms. Boone *(People v Smith,* 81 NY2d 875; *People v Garcia,* 200 AD2d 189). In any event, the record supports the court's conclusion that the prosecutor articulated race-neutral reasons for excluding several potential black jurors *(People v Okehoffurum,* 201 AD2d 508; *People v Doran,* 195 AD2d 364). Nor do we find that the court's *Sandoval* ruling constituted an abuse of discretion where, as herein, defendant had 25 convictions, and the court permitted the prosecutor to elicit defendant's 3 felony convictions and 10 misdemeanor convictions but prohibited any inquiry into the nature of the convictions or the underlying facts *(see, People v Ellis,* 183 AD2d 534, *affd* 81 NY2d 854; *People v Cowell,* 170 AD2d 343, *lv denied* 77 NY2d 993).

Defendant has also failed to preserve for appellate review, as a matter of law, his claim concerning the court's reasonable doubt instruction and failure to *sua sponte* instruct the jury on the statutory definitions of "deprive" and "appropriate" *(see, People v Uraca,* 195 AD2d 377, *lv denied* 82 NY2d 728), and we decline to review in the interest of justice. Were we to review, we would find that the charge, as a whole, apprised the jury of the appropriate principles of law *(People v Dingle,* 168 AD2d 281, *lv denied* 77 NY2d 960). Defendant's remaining claims are without merit. Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.