■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BERTINA THOMAS, Also Known as BERTINA FLOOD, Appellant. [620 NYS2d 667] —Judgment unanimously affirmed. Memorandum: Supreme Court did not abuse its discretion in striking the entire testimony of a defense alibi witness whose name was not furnished to the People as a witness defendant intended to call to establish her alibi defense (see, CPL 250.20 [3]; *People v Brown,* 167 AD2d 847; *cf., People v Cuevas,* 67 AD2d 219, 225-226). Contrary to the contention of defendant, the witness's entire testimony related to the alibi defense.

Furthermore, the court did not err in denying the motion of defendant to set aside the verdict on the ground of prosecutorial delay in furnishing *Rosario* material. The record establishes that the omission was not deliberate and any prejudice to defendant was not substantial (see, *People v Ranghelle,* 69 NY2d 56, 63; *People v Garrett,* 177 AD2d 1, 3, *lv denied* 79 NY2d 1000).

Lastly, defendant contends that her absence from the side-bar discussion with a prospective juror concerning the fact that the juror had previously been charged with welfare fraud requires reversal. We disagree. Immediately after the side-bar discussion, the prosecutor exercised a peremptory challenge and the prospective juror was excused. We conclude that, under the circumstances of this case, "defendant['s] presence at the side-bar questioning would have been of no benefit" and defendant's "absence during such questioning would not have had a substantial effect on [defendant's] ability to defend" (*People v Sloan,* 79 NY2d 386, 393; see, *People v Velasco,* 77 NY2d 469, 473; *People v Hines,* 205 AD2d 468, *lv denied* 84 NY2d 868; *People v Castro-Garcia,* 203 AD2d 899, *lv denied* 83 NY2d 965; *People v Arnold,* 201 AD2d 965, 965-966, *lv denied* 83 NY2d 849). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.