■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE D. PRITCHARD, Appellant. [621 NYS2d 264] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that he was deprived of his right to be

present at a material stage of the trial because side-bar questioning of prospective jurors was conducted in his absence. Because the prospective jurors were excused following those side-bar conferences, reversal on that ground is not required *(see, People v Hines,* 205 AD2d 468, *lv denied* 84 NY2d 868; *People v Castro-Garcia,* 203 AD2d 899, *lv denied* 83 NY2d 965; *People v Rodriguez,* 203 AD2d 92, *lv granted* 84 NY2d 832; *People v Arnold,* 201 AD2d 965, *lv denied* 83 NY2d 849). We are compelled to add that, under *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759), the better practice is for the court to permit a defendant to be present at a side-bar conference. If a side-bar conference is conducted in defendant's absence, the court should place on the record the nature of that conference to permit appellate review.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 1st Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.