(April 20, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BROWN, Appellant. [625 NYS2d 506] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered June 5, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Closure of the courtroom was justified by the undercover officer's *Hinton* hearing testimony that he had been engaged in some 150 drug operations in the vicinity of defendant's

arrest, that some of those cases were still pending in the courthouse where defendant was being tried, and that he was now temporarily engaged in undercover work in another neighborhood but expected to be re-transferred to the vicinity of defendant's arrest shortly, all of which established the necessary spatial and temporal relationship among the courthouse, the location of defendant's arrest, and the anticipated geographic location of the undercover officer's future investigative work *(see, People v Martinez,* 82 NY2d 436, 440-441, 443; *see also, People v Badillo,* 207 AD2d 742; *People v Torres,* 204 AD2d 131, *lv denied* 84 NY2d 833; *People v Ayala,* 202 AD2d 262, *lv denied* 83 NY2d 908). The closure was limited and, under the facts of this case, there were no reasonable alternatives.

Viewing the evidence in the light most favorable to the People, the evidence was legally sufficient and the verdict was not against the weight of the evidence. The issues raised by defendant concerning the testing methodology and conclusions of the police chemist raised issues of credibility that were properly placed before the jury, and we find no reason to disturb its determination *(see, People v Bleakley,* 69 NY2d 490, 495). The chemist's conclusions were not invalidated by the failure to perform a qualitative analysis since there was no element of weight in the crime charged (Penal Law § 220.39 [1]; *see, People v Diaz,* 157 AD2d 531, *lv denied* 75 NY2d 918; *People v Rodriguez,* 203 AD2d 92). Nor was it required that the present sample be compared against a known standard *(People v Rolon,* 172 AD2d 252, 253, *lv denied* 78 NY2d 926). Concur—Murphy, P. J., Rosenberger, Kupferman, Nardelli and Mazzarelli, JJ.