■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO LAURIANO, Also Known as ANGEL LAURIANO, Appellant. [665 NYS2d 664] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered December 14, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Under the applicable standards (*People v Martinez*, 82 NY2d 436), the courtroom was properly closed during the undercover detective's testimony. The *Hinton* hearing testimony "established the necessary spatial and temporal relationship among the courthouse, the location of defendant's arrest, and the anticipated geographic location of the undercover officer's future investigative work" (*People v Brown*, 214 AD2d 438, 439, *lv denied* 86 NY2d 791). The fact that the courthouse was in New York County, while the arrest occurred in Brooklyn, does not mandate a different result. (*People v Miller*, 190 AD2d 609, *lv denied* 81 NY2d 974.)

Finally, we note, contrary to defendant's contention, that the court was not required to *sua sponte* consider alternatives to closure (*People v Ayala*, 90 NY2d 490, 504-506). Moreover, the closure was no broader than necessary, the court granting defendant's request that his family be permitted to attend (*see, People v Kin Kan*, 78 NY2d 54, 57-58). Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.