■ The People of the State of New York, Respondent, v Gregory Hill, Appellant. [672 NYS2d 714] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered November 22, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The courtroom was properly closed during the undercover detective's testimony (*see, People v Martinez*, 82 NY2d 436). The *Hinton* hearing testimony "established the necessary spatial and temporal relationship among the courthouse, the location of defendant's arrest, and the anticipated geographic location of the undercover officer's future investigative work" (*People v Brown*, 214 AD2d 438, 439, *lv denied* 86 NY2d 791). Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Williams, JJ.

■ Arlene C. Farkas, Respondent, v Bruce Farkas, Appellant, et al., Defendants. [672 NYS2d 714] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about December 10, 1996, which, *inter alia*, distributed the parties' marital property and awarded plaintiff maintenance and counsel fees, unanimously affirmed, without costs.

The trial court's distribution of all of the known marital assets to plaintiff, as well as award of maintenance and counsel fees to plaintiff, is amply supported by the record, including proof that defendant had repeatedly and willfully disobeyed interim support orders and dissipated marital property. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Williams, JJ.