■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL ROBINSON, Appellant. [677 NYS2d 464] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered February 15, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The issues raised by defendant concerning the testing methodology and conclusions of the police chemist were properly placed before the jury, and we find no reason to disturb its determination (see, People v Brown, 214 AD2d 438, 439, lv denied 86 NY2d 791; People v Corchado, 166 AD2d 279, lv denied 78 NY2d 954). The totality of the evidence provided the jury with ample basis upon which to reject defendant's version of the facts. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA TAYLOR, Appellant. [677 NYS2d 467] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered October 29, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The totality of the evidence regarding the chain of custody of the drugs in question provided assurances of the identity and unchanged condition of the evidence (see, People v Julian, 41 NY2d 340). The court properly exercised its discretion in limiting defendant's cross-examination of the undercover officer regarding a totally unrelated drug transaction, which had no bearing on the officer's ability to identify this defendant and which would have served only to distract the jury from the relevant issues (see, People v Alston, 215 AD2d 108, 109, lv denied 86 NY2d 732). Defendant has failed to preserve his challenges to the prosecutor's cross-examination and summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.