■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY RIVERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 28, 1987, convicting him of murder in the second degree, kidnapping in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was jointly indicted and tried with codefendant Timothy Crum. At trial, Crum's oral and videotaped

statements were admitted into evidence. These statements inculpated the defendant in the robbery, kidnapping and murder of the victim and identified the defendant as the primary actor and sole perpetrator of the fatal stabbing.

Before trial, the court denied the defendant's motion for a separate trial apparently on the basis that the confessions interlocked. Subsequent to the verdict in this case, the United States Supreme Court in *Cruz v New York* (481 US 186), ruled that the so-called interlocking confessions exception to the *Bruton* rule *(see, Bruton v United States,* 391 US 123) was invalid. Thus, the admission into evidence of the statements of the nontestifying codefendant violated the defendant's Sixth Amendment right to confront and cross-examine witnesses against him.

The only evidence incriminating the defendant, other than the codefendant's statements, was the defendant's oral statement to a detective and videotaped statement to an Assistant District Attorney. In these statements, the defendant admits to an initial attempt to rob the victim but then proceeds to disassociate himself from the subsequent restraint and murder of the victim. Although the defendant's statements do not preclude a finding that he was acting in concert with the codefendant in the commission of the offenses, it is reasonably possible that the jury's assessment of the defendant's role in the crimes was affected by the improper admission of the statements of the codefendant *(see, People v Pitts,* 71 NY2d 923, 925; *People v Hamlin,* 71 NY2d 750; *People v Ortiz,* 137 AD2d 727; *People v McCain,* 134 AD2d 287). Accordingly, we cannot find the *Cruz* error harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

We do not, however, agree with the defendant's contention that he may not lawfully be convicted of all three of the charged crimes. The merger doctrine is inapplicable to kidnapping in the first degree *(see, People v Pellot,* 105 AD2d 223). Furthermore, the count charging robbery in the first degree is not a lesser included offense of the felony murder charge *(see, People v Berzups,* 49 NY2d 417, 427).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.