■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CRUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 28, 1987, convicting him of murder in the second degree and kidnapping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was jointly indicted and tried with the codefendant Troy Rivers. Both men made oral and videotape statements inculpating themselves and each other in the acts charged. At trial, the codefendant's statements were admitted into evidence. These statements inculpated the defendant in the kidnapping and murder of the victim and identified him as the primary actor and sole perpetrator of the fatal stabbing.

Before trial, the court denied the defendant's motion for a separate trial, apparently on the basis that the confessions interlocked. Subsequent to the rendering of the verdict in this case, the United States Supreme Court in Cruz v New York (481 US 186) ruled that the so-called interlocking confessions exception to the Bruton rule (see, Bruton v United States, 391 US 123) was invalid. Thus, the admission into evidence of the statements of the nontestifying codefendant violated the defendant's Sixth Amendment right to confront and cross-examine witnesses against him.

The primary direct evidence incriminating the defendant was the codefendant's statements. Although the defendant's

own inculpatory statements were also admitted into evidence against him, for the most part, his statements indicated that he was a mere observer, rather than a participant or accessory in the commission of the crimes charged.

On the basis of the instant record, we are constrained to conclude that it is reasonably possible that the jury's assessment of the defendant's role in the crimes was affected by the improper admission of the statements of the codefendant (see, People v Pitts, 71 NY2d 923, 925; People v Hamlin, 71 NY2d 750; People v Ortiz, 137 AD2d 727; People v McCain, 134 AD2d 287). Accordingly, we cannot find the Cruz error harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237; People v Rivers, 150 AD2d 736).

We do not, however, agree with the defendant's contention that he may not lawfully be convicted of felony murder where the jury acquitted him of robbery. Insofar as the court charged the jury that it might find the defendant guilty of felony murder if it found that he committed or acted in concert in the commission of either robbery or attempted robbery, the jury's acquittal of the defendant on robbery in the first degree is not repugnant to the instant felony murder conviction (see, People v Tucker, 55 NY2d 1; People v Campbell, 86 AD2d 403).

In light of our determination, we need not address the remainder of the defendant's contentions. Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.