■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER L. CLARK, Appellant.—Casey, J. Appeals (1) from a judgment of the Supreme Court (Harris, J.), rendered January 29, 1989 in Albany County, upon a verdict convicting defendant of the crime of robbery in the third degree, and (2) by permission, from an order of said court, entered January 22, 1990 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, without a hearing.

Defendant's conviction of robbery in the third degree stemmed from an indictment which charged him with that crime, and also with the crime of sexual abuse in the first degree of which he was not convicted. The events underlying the conviction occurred on December 4, 1987, shortly after 10:00 A.M., on Steuben Street between James and North Pearl Streets in the City of Albany, when the female victim was attempting to enter her motor vehicle that she had left parked there. As she entered her car, defendant entered it behind her, forced her down on the passenger seat and threatened her with injury if she did not give him her money. Defendant then exited the car after receiving the money. The victim followed defendant as he ran up Steuben Street toward North Pearl Street. The victim testified that she never lost sight of defendant, although she did not see his face. As he ran, defendant was tackled by a passerby who corroborated the victim's story. Following his conviction, defendant moved to vacate the judgment pursuant to CPL 440.10. This motion was denied. Defendant was granted permission to appeal this order and also appeals from the judgment of conviction.

Defendant claims on this appeal that the evidence is legally insufficient to sustain his conviction. We disagree. Given that the victim testified to all the elements of the crime and that defendant was never out of her sight from the time of his crime until he was apprehended, her identification, credited by the jury, is sufficient even though she had not seen his face. Added to this testimony is the testimony of the passerby who tackled defendant and another passerby who witnessed

the scene and saw defendant drop a pocketbook or wallet, which the victim identified at trial as her property. Viewing the evidence in a light most favorable to the prosecution *(see, People v Harper,* 75 NY2d 313, 316), it is legally sufficient to support the verdict.

Under the authority of *People v Sandoval* (34 NY2d 371, 376-377), the prosecution was allowed to cross-examine defendant about his prior conviction for robbery in the first degree on August 24, 1988, an adjudication at Eastern Correctional Facility on March 21, 1984 for possession of contraband, and the underlying acts of both adjudications. We find this to have been proper in the circumstances. Since both the prior and present crimes (robbery) involve individual dishonesty, cross-examination about the similar prior crime is usually permitted if defendant takes the witness stand and vouches for his veracity notwithstanding the risk of possible prejudice *(see, People v Sandoval, supra).*

Defendant's claim of lack of a speedy trial is likewise untenable. The prosecution first announced its readiness for trial on December 28, 1987, 23 days after the filing of a felony complaint and five days after presentment of the indictment. On nine subsequent occasions the prosecution stated its readiness on the record. In the absence of any showing that the prosecution was not ready on these occasions, there is no violation of CPL 30.30 (1). Although defendant claims a violation of CPL 30.20, he fails to address any of the factors required to be examined by *People v Taranovich* (37 NY2d 442) and the record reveals no violation of that section. We note that trial of defendant was held within a year of the filing of the felony complaint on December 5, 1987.

We have considered defendant's contention that the verdict was repugnant and inconsistent, and that the verdict was coerced by the court's *Allen* charge *(see, Allen v United States,* 164 US 492), and find both contentions meritless *(see, People v Erickson,* 156 AD2d 760, 763, *lv denied* 75 NY2d 966; *People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920).

Defendant's appeal also extends, by permission, to the denial by Supreme Court of his motion to vacate the judgment of conviction, pursuant to CPL 440.10, on the ground of newly discovered evidence. However, our examination reveals that the evidence offered by defendant in support of that motion was not "newly discovered" under the definition restated in *People v Latella* (112 AD2d 321). Such evidence consisted only in the attempted impeachment of prosecution witnesses and, as such, does not qualify as "newly discovered".

Defendant's final contention is that Supreme Court abused its discretion in sentencing him as a persistent felony offender to the maximum term of 25 years to life. Defendant does not contend that he did not qualify for such treatment. The exercise of Supreme Court's discretion in treating defendant as a persistent felony offender under the second prong of the test prescribed in *People v Oliver* (96 AD2d 1104, 1105, *affd* 63 NY2d 973) permits our disturbance of such treatment only if the proper standards were not applied or Supreme Court abused its discretion. Here, the court held a lengthy hearing which adduced defendant's criminal record, a record of his discipline while in prison and the nature of his crimes. This hearing and the decision of the court based thereon reflects no abuse of the court's discretion. Accordingly, the judgment and order appealed from should be affirmed.

Judgment and order affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.