■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL JENERETTE, Appellant. [603 NYS2d 556] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered January 23, 1990, convicting him of robbery in the first degree (two counts), robbery in the

second degree, and criminal possession of a weapon in the second degree under Indictment No. 4469/88, upon a jury verdict, and imposing sentence, (2) from a judgment of the same court (Leahy, J.), also rendered January 23, 1990, convicting him of attempted murder in the second degree under Indictment No. 6732/88, upon his plea of guilty, and imposing sentence, and (3) by permission, from an order of the same court (Leahy, J.), dated February 7, 1992, which denied his motion pursuant to CPL 440.10 to vacate the judgment under Indictment No. 6732/88.

Ordered that the judgments and the order are affirmed.

The defendant was convicted, after trial under Indictment No. 4469/88, of several counts relating to robbery and weapons possession in connection with an incident which occurred in the Edgemere Housing Projects on the Rockaway peninsula on April 10, 1988. He subsequently pleaded guilty to attempted murder in the second degree under Indictment No. 6732/88 with respect to an incident which occurred a few days before the robbery, and was sentenced, on the same day, to concurrent indeterminate terms of 5 to 15 years imprisonment on the convictions for robbery in the first degree and 8-⅓ to 25 years imprisonment on the attempted murder conviction. As promised, all of the terms of imprisonment were imposed to run concurrently. On appeal, and in support of his motion to vacate his conviction for attempted murder in the second degree, the defendant contends that his plea to that crime was not knowing and voluntary because he believed not only that he was to receive concurrent terms of imprisonment, but that he was to receive the same sentence pursuant to his convictions under both indictments. The defendant's contention is without merit.

During the course of the plea proceeding, the court expressly stated that the defendant could be sentenced to an indeterminate term of 8-⅓ to 25 years imprisonment upon his plea of guilty, and that this sentence was to run concurrently with the sentence which was to be imposed by Justice Dufficy pursuant to his conviction after trial. The defendant stated on the record that he understood this and that he was pleading guilty because he was guilty. Thus, the defendant's contention that this plea was not knowing and voluntary is devoid of merit.

With respect to his conviction after trial, the defendant contends that he was denied his right to a fair trial because the trial court failed to meaningfully respond to a jury re-

quest. We disagree. In response to the jury's inquiry as to whether there was a difference between the two counts of robbery in the first degree with which the defendant was charged and its request that the statutes be reread, the court stated that there was, in fact, a difference, and directed the court reporter to read back the portions of the court's charge that related to those counts. The court's response was both meaningful and appropriate under the circumstances *(see, People v Lourido,* 70 NY2d 428; *People v Almodovar,* 62 NY2d 126; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.