■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HAGGER, Appellant. [609 NYS2d 797] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 16, 1991, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's decision to have the court reporter read back certain portions of the charge in response to a jury request has not been preserved for appellate review. The defendant failed to register an objection to the court's initial charge, or to the contents of the portion read back to the jury, or to the manner in which the court complied with the jury's request (see, CPL 470.05 [2]; People v Gonzalez, 156 AD2d 711).

In any event, we find that the court meaningfully responded to the jury's request (see, People v Malloy, 55 NY2d 296, cert denied 459 US 847). The defendant's assertion that the court itself had to read back portions of the charge in order to satisfy the requirements of CPL 310.30 is without merit. CPL 310.30 has not been afforded such a literal interpretation (see, People v Malloy, supra; People v Jenerette, 198 AD2d 303).

Furthermore, the defendant's contention that since he had been offered a promise of a lesser sentence had he pleaded guilty, a reduction of his sentence upon his conviction after trial is warranted, is without merit. It is firmly established that sentences imposed upon conviction after a trial may be more severe than those proposed in connection with a plea agreement (see, People v Pena, 50 NY2d 400, 411, cert denied 449 US 1087; People v Nelson, 179 AD2d 784; People v Norfleet, 146 AD2d 812).

We find that the sentence imposed by the trial court was not excessive (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.