■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON B. BARGER, Appellant. [609 NYS2d 98] —Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 28, 1992, upon a verdict convicting defendant of the crimes of attempted kidnapping in the second degree, unlawful imprisonment in the second degree, assault in the second degree, assault in the third degree and criminal mischief in the fourth degree.

On appeal, defendant asserts only that County Court erred in ruling that in the event defendant testified at trial, the People would be permitted to cross-examine concerning the fact of and the circumstances underlying defendant's June 17, 1988 conviction of robbery in the third degree and, further, in refusing to instruct the jury on the "defense" of intoxication. Both contentions lack merit and we accordingly affirm. At the time of the *Sandoval* hearing, defendant's only argument against the use of the 1988 conviction was the statement that it "involve[d] a pocketbook theft from a woman" and the conclusory assertion that the underlying facts "may be so closely related to the facts of this case that they may be prejudicial". The facts underlying the present charges, involving the assault and attempted abduction of a woman, are by no means so similar to the 1988 crime as to unfairly prejudice defendant *(see, People v Civitello,* 152 AD2d 812, 814, *lv denied* 74 NY2d 947). In any event, because both the present and prior crimes involve individual dishonesty, cross-examination could be permitted notwithstanding their similarity *(see, People v Clark,* 169 AD2d 848, 849, *lv denied* 77 NY2d 993, *cert denied* — US —, 112 S Ct 148). Finally, in the absence of competent trial evidence supporting a finding that defendant was intoxicated at the time he committed the crimes, County Court properly refused to give a charge on intoxication *(see, People v Rodriguez,* 76 NY2d 918, 920; *People v Perry,* 61 NY2d 849).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.