■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY TIMMONS, Appellant. [625 NYS2d 977] —Judgment unanimously affirmed. Memorandum: Defendant's motion to suppress the identification testimony of the victim was properly denied. "Accidental or unarranged showups at the police station are not unnecessarily or impermissibly suggestive when they are unavoidable and not attributable to any misconduct on the part of the police or the prosecutor" *(People v Sims,* 150 AD2d 402, 404, *lv denied* 74 NY2d 747). The trial court responded meaningfully to the jury's inquiry regarding the definition of felony murder *(see, People v Weinberg,* 83 NY2d 262, 267; *People v Almodovar,* 62 NY2d 126, 131). There was no abuse of discretion in the *Sandoval* ruling permitting the prosecutor to cross-examine defendant regarding the underlying facts of his prior conviction of assault in the third

degree *(see, People v Barger,* 202 AD2d 755; *People v Samull,* 181 AD2d 946, *lv denied* 79 NY2d 1054), and the record fails to support defendant's contention that the prosecutor violated that ruling. The view by the jury of the crime scene was properly conducted *(see,* CPL 270.50), and there is no merit to the contention that defendant was denied his right to be present at that viewing *(see, People v Stanley,* 212 AD2d 983). The trial court erred in precluding the testimony of proposed defense witnesses Mazzulo and Schaefer regarding the hostility or bias of prosecution witness Camacho *(see, People v Chin,* 67 NY2d 22, 28; *People v Green,* 156 AD2d 465, *lv denied* 75 NY2d 813). In light of the overwhelming proof of guilt, however, that error is harmless *(see, People v Crimmins,* 36 NY2d 230, 237).

We have reviewed defendant's remaining contentions, including those raised in the *pro se* supplemental brief, and conclude that none requires reversal. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present—Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.