■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DIXON, Appellant. [634 NYS2d 313] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of felony murder and criminal possession of a weapon in the fourth degree. Defendant did not object to admission of videotapes of the conditional examination of a prosecution witness, thereby failing to preserve for our review his contention that the videotapes were inadmissible because they were not certified and filed pursuant to CPL 660.60 (2) *(see,* CPL 470.05 [2]; *People v Davis,* 213 AD2d 665; *People v Espinal,* 183 AD2d 407, *lv denied* 80 NY2d 830; *People v Williams,* 178 AD2d 767, 768, *lv denied* 79 NY2d 1009). Likewise, by failing to raise the issue of repugnancy before the jury was discharged, defendant failed to preserve that issue for our review *(see,* CPL 470.05 [2]; *People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *cf., People v Alfaro,* 66 NY2d 985, 987). In any event, that issue lacks merit. Although defendant was acquitted of robbery in the first degree, County Court properly instructed the jury that it could consider attempted robbery as a predicate felony for felony murder *(see, People v Crum,* 160 AD2d 892, 893; *People v Gibson,* 65 AD2d 235, 238-240, *lv denied* 46 NY2d 1080, *cert denied* 444 US 861). There was a reasonable view of the evidence to support the conclusion that defendant and his accomplice attempted to, but did not, commit robbery, and thus that offense was properly submitted to the jury as a predicate felony even

though the indictment did not charge defendant with that offense *(see, People v Wroblewski,* 109 AD2d 39, 44, *affd* 67 NY2d 933, *cert denied* 479 US 845).

Lastly, we conclude that imposition of concurrent terms of imprisonment of 25 years to life was, in the circumstances of this case, not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.