■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MARTIN, III, Appellant. [639 NYS2d 231] Memorandum: We reject the contention of defendant that his absence from a sidebar conference with a prospective juror requires reversal or a reconstruction hearing. The record establishes that the prospective juror was excused before trial commenced. Therefore, the absence of defendant from the sidebar conference did not have a "substantial effect on [defendant's] ability to defend against the charges" (*People v Sloan,* 79 NY2d 386, 392; *see, People v Thomas,* 210 AD2d 935, *lv denied* 85 NY2d 943).

From our review of the record, we conclude that defendant's conviction is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495), and that the jury's rejection of defendant's affirmative defense of justification is not against the weight of the evidence (*see,* Penal Law § 35.05 [2]; *People v Praylor,* 221 AD2d 944).

The court properly denied the motion of defendant to suppress evidence obtained from his apartment pursuant to a search warrant. When the police arrived at defendant's apartment, the person who answered the door permitted them to

enter the house and showed them defendant's bedroom, where they observed bloody clothing and blood stains on the wall. When the police were told that the person who opened the door did not live there, they left to obtain a search warrant. We conclude that the police reasonably relied upon the person's apparent authority to consent to their entry (*see, People v Adams,* 53 NY2d 1, 9, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Johnson,* 202 AD2d 966, 967, *lv denied* 84 NY2d 827). Further, the record supports the findings of the hearing court that the search warrant application amply demonstrated probable cause for the search (*see, People v Hanlon,* 36 NY2d 549, 559; *People v Migenis,* 167 AD2d 956, *lv denied* 77 NY2d 880).

There is no merit to the contention of defendant in his *pro se* supplemental brief that he was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see, People v Flores,* 84 NY2d 184). The further contention that the police did not have probable cause to arrest defendant is not preserved for our review (*see,* CPL 470.05 [2]; *People v Speciale,* 198 AD2d 811, *lv denied* 83 NY2d 858), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have examined the remaining contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.