■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT ROBERTS, Appellant. (Appeal No. 1.) [653 NYS2d 1002] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count two of indictment in accordance with the following Memorandum: Defendant was convicted following a jury trial of criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, sexual abuse in the second degree and endangering the welfare of a child. The charges arose from an incident on August 4, 1994 involving an 11-year-old girl. We reject the contention of defendant that incriminating statements he made to the police regarding that incident were obtained in violation of his right to counsel.

On June 30, 1994, defendant was arraigned on a misdemeanor drug charge in City Court and the Hiscock Legal Aid Society was assigned to represent him. Defendant was released on his own recognizance and the matter was adjourned to August 17, 1994 for a pretrial conference. When defendant failed to appear in court for the pretrial conference, a bench warrant was issued for his arrest. On October 11, 1994, defendant was arrested on the warrant and arraigned in City Court. Once again, Hiscock Legal Aid Society was assigned to represent him, and a pretrial conference was scheduled for 2:00 P.M. the next day. At 11:00 A.M. on October 12, however, defendant was taken to the police station, where, after waiving his *Miranda* rights, he made incriminating statements regarding an incident of sexual abuse that occurred on August 4, 1994. Defendant was not questioned about the drug charge. Following a *Huntley* hearing, County Court denied the motion of defendant to suppress the statements he made on October 12.

It is undisputed that defendant's right to counsel had not attached on the uncharged incident of sexual abuse, which was unrelated to the drug charge. Relying on *People v Rogers* (48 NY2d 167), however, defendant contends that he was represented by assigned counsel on the drug charge for which he was held in custody and, thus, the police could not question him in the absence of counsel about any charge. We disagree. Although defendant's right to counsel had attached on the drug charge upon commencement of formal proceedings (*see, People v West*, 81 NY2d 370, 377), it does not follow that counsel

represented defendant on that charge (*see, People v Kazmarick,* 52 NY2d 322, 327-328). As in *People v Cawley* (76 NY2d 331, *rearg denied* 76 NY2d 890), where representation was not found, the only contact between defendant and assigned counsel occurred at the arraignments, and there is no evidence that they discussed any matters other than defendant's bail status (*see also, People v Brown,* 216 AD2d 670, 672, *lv denied* 86 NY2d 791). "To afford [defendant] an indelible right to counsel on the new * * * charges based on the superficial relationship with a lawyer assigned to him for arraignment on the prior charges, presses reason to the limit" (*People v Cawley, supra,* at 347).

We further conclude that the court's *Sandoval* ruling does not constitute an abuse of discretion (*see, People v Sandoval,* 34 NY2d 371; *People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 849, 937). We agree with defendant, however, that the court erred in failing to read into the record a jury note requesting further instruction on sexual abuse in the first and second degrees, failing to make the note part of the record and failing to give counsel notice of the "actual specific content of the jurors' request" (*People v O'Rama,* 78 NY2d 270, 277). Thus, we reverse defendant's conviction of sexual abuse in the second degree under count two of the indictment, vacate the sentence imposed thereon and order a new trial on that count. (Appeal from Judgment of Onondaga County Court, Cunningham, J.— Sexual Abuse, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.