■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUZ SANCHEZ, Appellant. [668 NYS2d 125] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting her after a jury trial of multiple counts of criminal sale of a controlled substance in the second and third degree and other drug-related offenses arising from five separate incidents during a four-month period. We reject defendant's contention that County Court erred in limiting the cross-examination of the undercover police officer regarding the informant and defendant's mental illness. Defendant failed to preserve for our review her contention that the court erred in admitting testimony of the undercover police officer regarding defendant's fear of returning to jail (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). In addition, we conclude that defendant was not unduly prejudiced by testimony concerning her hospitalization or by the prosecutor's comments on summation. Furthermore, upon our review of the record, we conclude that the conviction is supported by legally sufficient evidence and that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that the court erred by failing to read into the record a jury note requesting clarification of counts two and three of the indictment and failing to afford defense counsel an opportunity to be heard before responding (*see, People v O'Rama*, 78 NY2d 270; *People v Roberts*, 236 AD2d 848, *lv denied* 89 NY2d 1040). Thus, we reverse defendant's conviction of criminal possession of a controlled substance in the third degree under count two and criminal possession of a controlled substance in the seventh degree under count three and vacate the sentences imposed thereon, and we remit the matter to Onondaga County Court for further proceedings on those counts. In addition, because the court failed to sentence defendant as a second felony offender, the sentences imposed upon her conviction under counts 1, 2, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16 and 17 are illegal and must be vacated. Furthermore, the sentence of seven years' to life imprisonment imposed upon defendant's conviction of conspiracy in the second degree, a class B felony (Penal Law § 105.15), under count 11 of the indictment is illegal (*see,* Penal Law § 70.00 [2] [b]; § 70.06 [3] [b]; [4] [b]). Thus, we remit the matter to Onondaga County Court for resentencing on those counts (*see, People v George*, 217 AD2d 987, *lv denied* 86 NY2d 842). Finally, we reject the contention of defendant that her sentence is otherwise unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.