■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVARISTO BURGOS, Appellant. [669 NYS2d 871] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered February 27, 1996, convicting him of robbery in the third degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to a fair trial and his right to a trial by jury because of the trial court's failure to respond meaningfully to notes from the jury. However, this contention is unpreserved for appellate review since defense counsel was given notice of the contents of the jury notes and had knowledge of the substance of the court's intended response but failed to raise a timely objection (*see, People v Starling,* 85 NY2d 509, 516; CPL 470.05 [2]; *People v Johnson,* 224 AD2d 635; *People v Udzinski,* 146 AD2d 245, 251).

In any event, while it is true that the court is required to respond meaningfully to a request by the jury for information or instructions (*see, People v Malloy,* 55 NY2d 296, 302), a failure to comply does not constitute reversible error absent a showing of serious prejudice (*see, People v Lourido,* 70 NY2d 428, 435; *People v Miller,* 6 NY2d 152; *People v Razack,* 196 AD2d 897, 898). Our review of the record indicates that there was not a showing of serious prejudice. Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. BUTLER, Appellant. [669 NYS2d 871] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 6, 1989 (*People v Butler,* 155 AD2d 476), affirming a judgment of the County Court, Westchester County, rendered January 29, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Thompson and Sullivan, JJ., concur.

