■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND FYFFE, Appellant. (Appeal No. 2.) [671 NYS2d 396] —Order unanimously affirmed. Same Memorandum as in *People v Fyffe* (249 AD2d 938 [decided herewith]). (Appeal from Order of Oneida County Court, Kirk, J.—CPL art 440.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY THOMPSON, Appellant. [671 NYS2d 376] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of grand larceny in the fourth degree (Penal Law § 155.30 [1]), petit larceny (Penal Law § 155.25), criminal impersonation in the second degree (Penal Law § 190.25 [1]) and six counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). By failing to object to the admission of the videotape of the conditional examination of two prosecution witnesses, defendant did not preserve for our review any of her contentions concerning the validity of the conditional examination and the admissibility of the videotape (*see,* CPL 470.05 [2]; *People v Dixon*, 221 AD2d 952, *lv denied* 87 NY2d 972, *cert denied* 519 US 842). Supreme Court properly denied defendant's motion for a mistrial after a prosecution witness referred to defendant's commission of an uncharged crime (*see, People v Guise*, 179 AD2d 1027, *lv denied* 79 NY2d 1001; *People v Nagi*, 153 AD2d 964). Defendant failed to preserve for our review her contention that the court's questioning of the jurors and the court's curative instruction were inadequate (*see,* CPL 470.05 [2]; *People v Santiago*, 52 NY2d 865, 866). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Pigott, Jr., and Fallon, JJ.