■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYRUS HERNANDEZ, Appellant. [688 NYS2d 315] —Judgment unanimously affirmed. Memorandum: The waiver by defendant of the right to appeal encompasses his contentions that County Court erred in summarily denying his suppression motion (*see, People v Seaberg*, 74 NY2d 1, 7; *People v Williams*, 36 NY2d 829, *cert denied* 423 US 873) and that the sentence is unduly harsh and severe (*see, People v Hidalgo*, 91 NY2d 733, 737; *People v Allen*, 82 NY2d 761, 763). The contention that the plea was not knowingly, voluntarily and intelligently made survives the waiver of the right to appeal (*see, People v Seaberg, supra*, at 10; *People v Francabandera*, 33 NY2d 429, 434, n 2). By failing to move to withdraw the plea or to vacate the judgment of conviction, however, defendant failed to preserve that contention for our review (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez*, 71 NY2d 662, 665), and this case "does not qualify for the narrow, 'rare case' exception to the preservation doctrine" (*People v Toxey, supra*, at 726; *see, People v Jackson*, 258 AD2d 920; *People v Allen*, 258 AD2d 878). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREON L. RILEY, Appellant. [689 NYS2d 887] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was deprived of a fair trial by prosecutorial misconduct. None of the alleged instances of prosecutorial misconduct, however, is preserved for our review (*see,* CPL 470.05 [2]). Defendant has also failed to preserve for our review his contentions that County Court usurped the function of the jury in questioning a medical witness (*see, People v Charleston*, 56 NY2d 886) and erred in responding to a jury note to reread part of the charge without input from counsel. Because the court read the jury note into the record before responding to it, defense counsel had an opportunity to preserve the issue (*see, People v Starling*, 85 NY2d 509, 516). We decline to address defendant's contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Finally, the verdict is supported by the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.