■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEPILLO, Appellant. [693 NYS2d 376] —Judgment unanimously affirmed. Memorandum: County Court properly denied the request of defendant for a hearing on his motion challenging the search warrant. Defendant's challenge to the facial sufficiency of the written warrant application "presents an issue of law that does not require a hearing" (*People v Christian,* 248 AD2d 960, *lv denied* 91 NY2d 1006), and defendant's motion papers did not otherwise raise an issue of fact requiring a hearing (*see, People v Glen,* 30 NY2d 252, 262).

Defendant contends that the court violated CPL 310.30 by failing to disclose to counsel the contents of a jury note before recalling the jury, thus requiring reversal. The note requested several legal definitions, and the court read the note in open

court before responding, thereby giving counsel notice of its contents. The court's response was a rereading of portions of the original charge, to which there had been no objection. "[C]ounsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved" (*People v Starling*, 85 NY2d 509, 516). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]; *People v Pless*, 244 AD2d 971, *lv denied* 91 NY2d 929). Defendant further contends that reversal is required because he was not present when the jury note was read. That contention cannot be reviewed on this record because the record does not disclose whether defendant was present. The proper vehicle for defendant to raise that contention is a CPL 440.10 motion. Defendant's contention that the court erred in failing to mark the jury note as a court exhibit is unpreserved for our review (*see*, CPL 470.05 [2]). It was marked for identification, but defendant did not request that it be received in evidence. We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Finally, defendant contends that he was denied a fair trial by prosecutorial misconduct during summation. All but one of the contentions are unpreserved for our review (*see*, CPL 470.05 [2]), and we decline to review them as a matter of discretion in the interest of justice (*see*, 470.15 [6] [a]). With respect to the single contention that is preserved, the conduct of the prosecutor was not so egregious or prejudicial as to deny defendant his right to a fair trial (*see*, *People v Nixon*, 213 AD2d 1068, *lv denied* 85 NY2d 978; *see also*, *People v Galloway*, 54 NY2d 396, 401). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Weapon, 3rd Degree.) Present— Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.