■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PONDER, Appellant. [701 NYS2d 189] —Judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a

weapon in the second degree (Penal Law § 265.03 [2]). Defendant failed to preserve for our review his contention that County Court violated CPL 310.30 in its responses to jury notes. The court properly afforded defense counsel an opportunity to be heard before responding to all but the last jury note, to which the court responded without consulting counsel. Immediately thereafter, however, the court conducted a bench conference with the jury still in the courtroom. The court then read the question into the record and repeated its earlier response, without any objection or request from defense counsel. "[C]ounsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved" (*People v Starling*, 85 NY2d 509, 516; *see, People v De Pillo*, 262 AD2d 996; *People v Riley*, 259 AD2d 1030, *lv denied* 93 NY2d 977; *People v Fontanez*, 254 AD2d 762, *lv denied* 93 NY2d 852). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant's contention that the court was required to charge in the alternative the attempted murder in the second degree and assault in the first degree counts is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Autry*, 75 NY2d 836, 839; *People v South*, 233 AD2d 910, *lv denied* 89 NY2d 989) and, in any event, lacks merit (*see, People v Alford*, 251 AD2d 1032, *lv denied* 92 NY2d 892; *People v Vasquez*, 209 AD2d 203, 204, *lv denied* 85 NY2d 915).

Also unpreserved for our review is defendant's contention that the court erred in ordering and admitting in evidence the videotaped conditional examination of a witness (*see, People v Thompson*, 249 AD2d 939, *lv denied* 92 NY2d 931; *People v Dixon*, 221 AD2d 952, *lv denied* 87 NY2d 972, *cert denied* 519 US 842), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant's further contention that the court erred in giving an erroneous jury instruction on the presumption of innocence is also unpreserved for our review (*see, People v Creech*, 60 NY2d 895, 896; *People v Adams*, 247 AD2d 819, 820, *lv denied* 91 NY2d 1004). In any event, the charge adequately apprised the jury of the People's burden of proof (*see, People v Loyd*, 193 AD2d 1062, *lv denied* 82 NY2d 756; *People v Williams*, 176 AD2d 1209, *lv denied* 79 NY2d 833).

Finally, the court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 (2) (*see, People v Brown*, 48 NY2d 388, 393; *People v Hoskins*, 198 AD2d 764, *lv*

*denied* 82 NY2d 897) and CPL 330.30 (3) (*see, People v Pugh*, 236 AD2d 810, *lv denied* 89 NY2d 1099).

All concur except Lawton, J. P., who dissents and votes to reverse in the following Memorandum.

Lawton, J. P. (dissenting). I respectfully dissent because County Court violated CPL 310.30 in responding to a jury note. During deliberations the court was given a note from the jury asking, "Does the act of shooting justify conduct according to the Penal Law of attempted murder?" Upon receiving that note, the court did not disclose its contents to defense counsel but rather responded to the jury, "All right. Question you ask is a question that's for a jury to decide. Go back in." At the prosecutor's request, an off-the-record discussion was held, after which the court read the note into the record and reiterated the instruction it had previously given to the jury. By failing to inform defense counsel of the contents of the note or give counsel the opportunity to be heard before responding to the jurors' inquiry, the court deprived defendant of the " 'meaningful notice' " required by CPL 310.30 (*People v Cook*, 85 NY2d 928, 931; *People v DeRosario*, 81 NY2d 801, 803; *People v O'Rama*, 78 NY2d 270, 277). The court's conduct entirely prevented defense counsel from participating during a critical stage of the trial (*see, People v O'Rama, supra*, at 279) and thus was inherently prejudicial, mandating reversal even in the absence of a timely objection (*see, People v Cook, supra; People v O'Rama, supra*, at 279). Indeed, the importance of following the procedure adopted in *O'Rama* is underscored where, as here, the jury's question was confusing and the court's response failed to eliminate that confusion. Consequently, I would reverse the judgment and grant a new trial. (Appeal from Judgment of Monroe County Court, Maloy, J.—Attempted Murder, 2nd Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Scudder, JJ.