■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMONE TOLBERT, Appellant. [723 NYS2d 916] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in failing to advise defense counsel of the contents of a note received from the jury during deliberations and to provide defense counsel with an opportunity to assist the court in formulating the response to the note (see, People v O'Rama, 78 NY2d 270, 276-278). The court read the note in open court in the presence of defendant and defense counsel prior to providing a response to the jury. By failing to raise any objection to the procedure utilized by the court, defendant has failed to preserve his present contention for our review (see, People v DePillo, 262 AD2d 996, 996-997, lv denied 93 NY2d

1044). Defendant further contends that the court improperly delegated its authority to instruct the jury when it allowed the court reporter to read the court's original charge on the issue of reasonable doubt in response to the jury's request for "the definition of reasonable doubt." By failing to object to the original charge, to the charge as read back to the jury, or to the court's procedure in responding to the jury's request, defendant has failed to preserve his contention for our review (*see, People v Hagger*, 201 AD2d 502, *lv denied* 83 NY2d 872).

The further contention of defendant that he was denied a fair trial by prosecutorial misconduct is likewise not preserved for our review. Defendant either failed to object to the alleged misconduct, or failed to request curative instructions or move for a mistrial when the court sustained his objections (*see, People v Medina*, 53 NY2d 951, 953; *People v Albert*, 222 AD2d 1005, *lv denied* 88 NY2d 844, 979). We decline to exercise our power to review these contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that the verdict is against the weight of the evidence. Although a different finding would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.