■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREON L. RILEY, Appellant. [738 NYS2d 793] —Appeal from a judgment of Onondaga County Court (Mulroy, J.), entered February 7, 1997, convicting defendant after a jury trial of, inter alia, burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: After we affirmed the judgment of conviction on defendant's prior appeal (*People v Riley,* 259 AD2d 1030, *lv denied* 93 NY2d 977, 94 NY2d 866), defendant moved for a writ of error coram nobis. He contended that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, i.e., that he was denied his right to decide whether to testify at trial. We concluded that the issue may have merit and granted the motion (*People v Riley,* 281 AD2d 992). Upon considering the appeal de novo, we affirm the judgment of conviction.

Defendant contends that he was deprived of effective assistance of counsel because defense counsel told the jury in his opening statement that defendant would testify but then rested without calling any witnesses and told the jury on summation that he "didn't let" defendant testify. Defendant contends that the inconsistency reflects an absence of a trial strategy that, together with other alleged shortcomings, deprived him of effective assistance of counsel. We disagree. Defendant was afforded an opportunity to confer with counsel before deciding whether to testify, and defense counsel effectively attempted to discredit the prosecution witnesses. "[T]hus defendant failed to demonstrate the lack of a strategic basis for the decision [not] to allow defendant to testify" (*People v Burden,* 288 AD2d 821, 822; *cf., People v Sherman,* 288 AD2d 894; *see generally, People v Benevento,* 91 NY2d 708, 712). We therefore conclude that defendant was afforded meaningful representation, based on "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation" (*People v Baldi,* 54 NY2d 137, 147).

We reject the further contention of defendant that the court violated his right to be present at sidebar conferences by requiring that he be accompanied by court officers (*see generally, People v Antommarchi,* 80 NY2d 247, 250, *rearg denied* 81 NY2d 759). "In accommodating the defendant's right to be present at [sidebar] conferences, the trial court must balance the defendant's right with its duty to maintain an orderly and secure courtroom (*see,* 22 NYCRR 700.5 [a], [d]). Assigning court officers to accompany the defendant at [sidebar] conferences is an acceptable method of balancing those two interests" (*People v Briggs,* 285 AD2d 651, 652-653, *lv denied* 97 NY2d 654; *see, People v Pondexter,* 88 NY2d 363, 377; *People v Ortega,* 224 AD2d 552, *lv denied* 88 NY2d 968). To the extent

that defendant contends that the mere presence of security personnel during his trial was prejudicial, we conclude that his contention lacks merit (*see, People v Brown*, 136 AD2d 1, 13, *lv denied* 72 NY2d 857, *cert denied* 488 US 897).

As we concluded in defendant's prior appeal, defendant has failed to preserve for our review his contentions "that County Court usurped the function of the jury in questioning a medical witness (*see, People v Charleston*, 56 NY2d 886) and erred in responding to a jury note to reread part of the charge without input from counsel" (*People v Riley, supra* at 1030). Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.