THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MARTIN, III, Appellant. [808 NYS2d 865]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 18, 1992. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law and a new trial is granted on the first and third counts of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) under the first and third counts of the indictment. The jury did not reach the second count, charging depraved mind murder (§ 125.25 [2]). We note that we previously affirmed the judgment of conviction (*People v Martin*, 225 AD2d 1029 [1996], *lv denied* 88 NY2d 881 [1996]), but we thereafter granted defendant's motion for a writ of error coram nobis based on the contention of defendant that he was denied his right to effective assistance of appellate counsel because counsel failed to argue in the prior appeal "that the defense was never given an opportunity to review the various jury notes, or to have input into the trial court's response to such notes" (*People*

*v Martin*, 17 AD3d 1172, 1172 [2005]). In granting defendant's motion, we concluded that the argument with respect to the jury notes "may have merit" (*id.*), and we now conclude that the argument has merit with respect to two of the three jury notes requesting additional instructions during deliberations.

We agree with defendant that reversal is required based on Supreme Court's failure to read into the record the jury's first note requesting, inter alia, "definitions of 3 counts" (*see People v O'Rama*, 78 NY2d 270, 277-278 [1991]; *People v Sanchez*, 244 AD2d 922, 923 [1997], *lv denied* 92 NY2d 905 [1998]; *People v Roberts*, 236 AD2d 848, 849 [1997], *lv denied* 89 NY2d 1040 [1997]) and the court's failure to respond to that request (*see People v Butler*, 192 AD2d 1126, 1127-1128 [1993]; *see generally People v Santi*, 3 NY3d 234, 248 [2004]). We further agree with defendant that reversal also is required based on the court's failure to read into the record the jury's second note requesting, inter alia, "First Count 3 points" (*see O'Rama*, 78 NY2d at 277-278; *Sanchez*, 244 AD2d at 923). The court's attempt to interpret and paraphrase that note does not serve as a substitution for the requisite notice to defense counsel "of the actual specific content of the jurors' request" (*O'Rama*, 78 NY2d at 277). With respect to both notes, "the court's error[s] in failing to disclose the contents of the note[s] had the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial and thus represented a significant departure from the organization of the court or the mode of proceedings prescribed by law" (*id.* at 279 [internal quotation marks omitted]). Thus, those errors are "not subject to the usual rules of preservation" (*People v Kisoon*, 23 AD3d 18, 23 [2005]). Nor are the errors here subject to harmless error analysis. The failure to disclose the exact content of the jury's substantive inquiries was "inherently prejudicial," effectively depriving defendant of an opportunity to evaluate those inquiries and to propose responses (*People v Cook*, 85 NY2d 928, 931 [1995]; *see O'Rama*, 78 NY2d at 279-280).

We reject the contention of defendant, however, that reversal is required on the additional ground that he was denied his fundamental right to be present during the court's response to the jury's third note. The absence of a notation in the record indicating that defendant was present is not sufficient to demonstrate that he was not present (*see People v Foster*, 1 NY3d 44, 48; *People v Afrika*, 13 AD3d 1218, 1222-1223 [2004], *lv denied* 4 NY3d 827 [2005]), and thus defendant has failed to come forward with substantial evidence to rebut the presumption of regularity that attaches to criminal proceedings (*see*

*Afrika*, 13 AD3d at 1222-1223; *see generally People v Andrew*, 1 NY3d 546, 547 [2003]). In view of our decision herein, we do not address defendant's remaining contentions.

All concur except Scudder and Kehoe, JJ., who dissent and vote to affirm in the following memorandum.

Scudder and Kehoe, JJ. (dissenting). We respectfully dissent, because we cannot agree with the majority that reversal is required based on Supreme Court's alleged errors in failing to read into the record the jury's first and second notes, as required by *People v O'Rama* (78 NY2d 270, 277-278 [1991]), and in failing to respond meaningfully to the jury's first note (*see generally People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]). Although we agree with defendant and the majority that the court erred with respect to the jury's first note, we conclude that reversal is not required under the unique circumstances of this case.

With respect to the jury's first note requesting, inter alia, the "definitions of 3 counts," the record establishes that the defense was not informed of that request and was not afforded the opportunity to have input into the court's response to it, as required by *O'Rama*. Indeed, the record establishes that the court erred in failing to provide any "response at all" to that request (*People v Lourido*, 70 NY2d 428, 435 [1987]; *see People v Butler*, 192 AD2d 1126, 1127-1128 [1993]). We agree with the majority that the "court's failure to fulfill its core responsibility to give counsel meaningful notice of the contents of the [first jury] note is not [subject to the usual rules of preservation]" (*People v Kisoon*, 23 AD3d 18, 21 [2005]), and we conclude that, given those circumstances, the same must be true of the court's failure to respond at all to the jury's first note requesting reinstruction on the law. We nevertheless conclude that the court's errors were cured by the jury's two subsequent notes and on-the-record request for that same information, and by the court's prompt and "meaningful" responses to those subsequent requests (*id.*). " 'Not every failure to comply with a jury's request for information during deliberation is reversible error . . . . The test is whether the failure to respond seriously prejudiced the defendant' " (*Lourido*, 70 NY2d at 435; *see People v Jackson*, 20 NY2d 440, 454-455 [1967], *cert denied* 391 US 928 [1968]). The Court of Appeals "has never adopted a per se rule concerning the adequacy of a court's response . . . . It is only where the court fails to give information requested upon a vital point that an omission cannot be ignored" (*Malloy*, 55 NY2d at 302 [internal quotation marks omitted]).

We conclude that, in view of the court's responses to the subsequent requests of the jury, defendant sustained no prejudice as a result of the court's errors (*see People v Battle*, 15 AD3d 413, 414 [2005], *lv denied* 5 NY3d 785 [2005]; *People v Burgos*, 248 AD2d 547 [1998], *lv denied* 92 NY2d 923 [1998]; *see also People v Jones*, 247 AD2d 272, 273 [1998], *lv denied* 92 NY2d 927 [1998]). By its first note, the one ignored by the court, the jury sought reinstruction on the three counts of the indictment. By its second note sent 10 minutes later, the jury again sought reinstruction on the first count of the indictment, charging intentional murder, and the court promptly and adequately complied with that request to the apparent satisfaction of all present, including defense counsel and the jury (*see Almodovar*, 62 NY2d at 131-132; *People v Eustate*, 265 AD2d 229, 230 [1999], *lv denied* 94 NY2d 919 [2000]; *People v Phillips*, 258 AD2d 393 [1999], *lv denied* 93 NY2d 976 [1999]). While the jury was in the courtroom for that readback, a juror requested a further readback of instructions concerning the second count, charging depraved indifference murder. The court immediately complied with that request, again to the apparent satisfaction of all present, including defense counsel and the jury. Then, approximately 30 minutes later, the jury transmitted its third note asking that the court "re-read elements of 3rd [count]," which charged criminal possession of a weapon. The court promptly responded to that request as well, once again to the apparent satisfaction of defense counsel and the jury. All of that transpired before the jury reached its verdict. We thus conclude that the court ultimately responded meaningfully to all of the jury's specific requests for reinstruction on the various counts of the indictment (*see People v Miller*, 286 AD2d 981 [2001], *lv denied* 97 NY2d 657 [2001]; *People v Timmons*, 213 AD2d 1035 [1995], *lv denied* 86 NY2d 741 [1995]; *People v Dadou*, 197 AD2d 868 [1993], *lv denied* 82 NY2d 893 [1993]).

With respect to the jury's second and third jury notes, we conclude that defendant has failed to preserve for our review his contentions that the court erred in failing to inform defense counsel of the exact contents of the notes, failing to afford defense counsel the opportunity to have input into the court's responses to those notes, and failing to read those notes verbatim into the record (*see People v Parker*, 304 AD2d 146, 159 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Tolbert*, 283 AD2d 930 [2001], *lv denied* 96 NY2d 908 [2001]; *People v Schojan*, 272 AD2d 932, 934 [2000], *lv denied* 95 NY2d 871 [2000]; *see generally People v Starling*, 85 NY2d 509, 516 [1995]). The record establishes that the jury, counsel, and defendant were present when the court closely paraphrased the notes

on the record, ascertained that its interpretations of the notes were correct, and issued its responses to the jury. Contrary to the conclusion of the majority, we conclude that the court thereby gave defense counsel "meaningful notice of the contents" of the notes (*Kisoon*, 23 AD3d at 21). Although thus apprised of the existence and substance of the notes, defense counsel never made a request on the record to view the notes, never complained on the record about the court's failure to read the notes into the record verbatim, never suggested responses to the notes on the record, and never complained on the record about the adequacy of the court's responses to the notes. "[D]efense counsel's failure to object at a time when the court could have corrected the alleged errors renders defendant's contention[s] unpreserved for our review" (*Parker*, 304 AD2d at 159; *see Schojan*, 272 AD2d at 934; *People v Ponder*, 266 AD2d 826, 827 [1999], *lv denied* 94 NY2d 924 [2000]). In any event, we conclude that any errors by the court did not prejudice defendant, given the unambiguous nature of the notes, the patent adequacy of the court's responses thereto, and the jury's apparent satisfaction with those responses (*see Battle*, 15 AD3d at 414; *Burgos*, 248 AD2d 547 [1998]). We cannot agree with the majority that it was inherently prejudicial to defendant for the court to reread its instructions concerning the three counts of the indictment in response to the jury's terse and unambiguous requests for such supplemental instructions. Indeed, we note that defendant does not contend on appeal that the court failed to respond meaningfully to the second and third jury notes. Finally, we note that we have examined the remaining contention of defendant concerning the alleged denial of his right to be present in the courtroom during the court's response to the third jury note and conclude that it is lacking in merit. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.