THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHLEEN BROWN, Appellant. [871 NYS2d 540]—

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of arson in the second degree (Penal Law § 150.15) and assault in the second degree (§ 120.05 [6]), based upon evidence presented at trial that she started a fire in her apartment after receiving an eviction notice. Defendant failed to preserve for our review her contention that County Court erred in ordering and admitting in evidence the video-taped conditional examination of a witness (*see People v Ponder*, 266 AD2d 826, 827 [1999], *lv denied* 94 NY2d 924 [2000], 95 NY2d 856 [2000]; *see also People v Young*, 298 AD2d 952 [2002], *lv denied* 99 NY2d 566 [2002]; *People v Dixon*, 221 AD2d 952 [1995], *lv denied* 87 NY2d 972 [1996], *cert denied* 519 US 842 [1996]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see Ponder*, 266 AD2d at 827). Defendant did not object to the opinion testimony of a fire investigator that the fire was intentionally started and thus failed to preserve for our review her contention that the investigator improperly invaded the province of the jury by so testifying (*see People v Pierre*, 37 AD3d 1172 [2007], *lv denied* 8 NY3d 989 [2007]; *People v Tutt*, 305 AD2d 987 [2003], *lv denied* 100 NY2d 588 [2003]). More-over, defendant waived that contention by eliciting similar testimony from the fire investigator on cross-examination (*see People v Grant*, 54 AD3d 967 [2008]; *People v Bryan*, 50 AD3d 1049, 1050-1051 [2008], *lv denied* 11 NY3d 786 [2008]; *People v Black*, 38 AD3d 1283, 1285 [2007], *lv denied* 8 NY3d 982 [2007]). In any event, we conclude that any error in the admission of that testimony is harmless inasmuch as the remaining evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Narrod*, 23 AD3d 1061 [2005], *lv denied* 6 NY3d 816 [2006]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject the contention of defendant that the court abused its discretion in admitting evidence that she previously damaged another apartment after receiving an eviction notice from the landlord of that apartment. That evidence was admissible to establish intent and the absence of mistake or accident, particularly in view of defendant's theory at trial that the fire was the result of an accident and was not intentionally started (*see People v Guiteau*, 267 AD2d 1094 [1999], *lv denied* 94 NY2d 920 [2000]; *see generally People v Molineux*, 168 NY 264, 293-294 [1901]). Also contrary to defendant's contentions, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.