THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAVARES, Appellant. [622 NYS2d 579] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 29, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that, prior to the new trial, a *Wade* hearing is to be held. The facts have been considered and determined to have been established.

The defendant's contention that the evidence adduced by the People is legally insufficient to establish that the substance that the undercover officer purchased from the defendant on April 5, 1989, was cocaine is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, upon reviewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Notwithstanding this finding, we conclude that the judgment of conviction must be reversed because of a fundamental error.

During the course of the jury's deliberations, the jury sent to the court four notes containing various requests for evidence, readbacks, explanations of the law, and other inquiries. It is apparent from the record that the court did not disclose the substance of all of the jury's requests to both the prosecutor and counsel for the defendant, nor did it confer with the attorneys prior to responding to the jury. Moreover, some of the jury's requests went unanswered. This procedure was in violation of CPL 310.30 and, under the circumstances of this case, mandates reversal and a new trial *(see, People v O'Rama,* 78 NY2d 270, 276-280; *People v Hewitt,* 189 AD2d 781, 781-782).

We also find that, prior to any retrial of the defendant, a hearing should be held regarding the circumstances of the undercover police officer's viewing of the defendant following his arrest, eight days after the officer had allegedly purchased cocaine from the defendant for the last time *(see, People v Gordon,* 76 NY2d 595, 600-601). The defendant is entitled to a *Wade* hearing *(United States v Wade,* 388 US 218) in order to determine whether the undercover police officer's viewing of

him was merely confirmatory or an impermissibly suggestive identification procedure and, in the latter case, whether the officer nevertheless had an independent source for his in-court identification of the defendant *(see, People v Adams,* 53 NY2d 241, 251-252).

We find no merit to the defendant's remaining contentions. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.