(January 16, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BARTEAU, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SEALY, Appellant. [636 NYS2d 322] —Judgments, Supreme Court, New York County (James Leff, J.), rendered June 16, 1993, convicting defendants, after a jury trial, of robbery in the second degree and sentencing each of them, as a second felony offender, to a term of $7^{1}/2$ to 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendants along with another individual were apprehended after all four officers of an anti-crime unit observed them follow and then rob the victims. The evidence in this case was legally sufficient and indeed proved the defendants' guilt beyond a reasonable doubt. However, reversal is mandated on the ground that defense counsel was not afforded an opportunity to be heard before the trial court responded to an inquiry from the jury.

It is well settled that the notice requirement of CPL 310.30 is "not a mere formality or a procedural device designed only to ensure counsel's presence in the courtroom when the court gives its response to the jurors' request for information or instruction" (*People v O'Rama*, 78 NY2d 270, 276). The purpose of the statute is to ensure that counsel has the opportunity to be heard before the response is given (*supra*). The requirement of meaningful notice is best served by, *inter alia*, marking the written communication from the jurors as an exhibit and allowing counsel for both sides to review the communication and confer with the court before the jury is recalled (*People v O'Rama, supra*, at 277, citing *United States v Ronder*, 639 F2d 931, 934; *accord, People v Miller*, 163 AD2d 491). In the present case, the court responded to the jurors' note, which requested a readback of testimony, without giving counsel any opportunity to review the note. That error was compounded by the fact that the court excluded the cross-examination portion of the testimony requested for review by the jury.

Contrary to the People's argument, the objections voiced by both defense counsel herein were sufficient to preserve the matter for appellate review. *People v Lykes* (81 NY2d 767) is

distinguishable from this case. In *Lykes*, the court did not give any substantive information or instruction to the jury before providing counsel with meaningful notice and merely requested a "clarification as to what the jury wanted" (81 NY2d, *supra,* at 770). In this case, substantive information was conveyed without defense counsel being provided with any opportunity to participate in formulating the response.

In view of the fact that we reverse based upon the failure to comply with CPL 310.30, we need not address the remaining arguments raised by the parties. Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.