■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY HEATH, Appellant. [651 NYS2d 551] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered September 14, 1995, convicting him of robbery in the first degree, grand larceny in the fourth degree, unauthorized use of a motor vehicle in the third degree, criminal possession of stolen property in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During the course of deliberations, the court received a note from the jury asking to "[p]lease give the elements to be considered in counts 1 and 2, for a guilty verdict". The defense counsel asked to see the note out of the presence of the jury and the court replied: "No * * * [t]he court doesn't need any assistance". The prosecutor noted that "I think there is a legal requirement * * * so he has an option to make any requests before the jury hears any response we have", and went on to state that withholding the note portended reversible error. Nevertheless, despite the urgings from both sides, the court refused to reveal the contents of the note, stating: "I have already made my decision, I don't have to confer with counsel when I receive a note from the jury before I bring the jury back into the courtroom".

After the jury was seated in the courtroom with all parties present, the court read the contents of the note aloud and repeated those portions of the original charge dealing with the elements of robbery in the first degree and grand larceny in the fourth degree.

The court made its response to the jury before counsel could have any input with respect to that response. The supplemental instructions were obviously, and concededly, "intended to have an effect on the deliberative process" *(People v O'Rama,* 78 NY2d 270, 280), inasmuch as they dealt with the elements of the crimes. The People properly recognize that the court

violated the principles enunciated in *People v O'Rama (supra),* when it responded to the jury's note without first disclosing its contents to counsel outside the presence of the jury, but argue that the error was harmless. This contention, however, and the People's reliance upon those cases decided by this Court applying harmless error analysis to *O'Rama* violations is unavailing, inasmuch as the Court of Appeals in *People v Cook* (85 NY2d 928) has more recently held that a violation of this kind is "inherently prejudicial" and thus not amenable to harmless error analysis. Accordingly, a new trial is required. Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.