■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JONES, Appellant. [667 NYS2d 905] —Judgment, Supreme Court, Bronx County (Alexander Hunter, Jr., J.), rendered November 15, 1995, convicting defendant, after a jury trial, of robbery in the first degree and, sentencing him, as a second violent felony offender, to a term of 8 to 16 years, unanimously affirmed.

The jury's verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). We find no basis to disturb

the jury's determination crediting the identification testimony of the People's witnesses.

While the procedure employed by the trial court for responding to an inquiry from the jury, in which it requested a read-back of a portion of its charge on the law, failed to follow the precise sequence set forth in *People v O'Rama* (78 NY2d 270, 276-278), defense counsel was given an opportunity to be heard regarding the response prior to the jury's being sent back to deliberate. Although the court should have followed the procedure suggested in *O'Rama* and would be well advised to do so in the future, there was no inherent prejudice that would preclude harmless error analysis, and, given the overwhelming evidence of guilt, we find the technical error to be harmless (*cf., People v Cook*, 85 NY2d 928; *see also, People v Lykes*, 81 NY2d 767, 769).

The hearing court properly denied defendant's application to call the complainant as a witness at the *Wade* hearing and denied defendant's motion to suppress the identification. Although the court failed to make findings of fact or conclusions of law, either orally or in writing, as required, this Court has an adequate record upon which to make its own such findings and conclusions (*People v Jones*, 204 AD2d 162, *lv denied* 83 NY2d 968). Accordingly, we find that the lineup was a fair grouping (*People v Maddox*, 238 AD2d 280, *lv denied* 90 NY2d 860; *People v Wilson*, 239 AD2d 264, *lv denied* 90 NY2d 944). From our review of the record, defendant's argument that the lineup was conducted in an unduly suggestive manner is entirely speculative. We find no evidence of suggestiveness that would have warranted calling the complainant at the hearing (*see, People v Taylor*, 80 NY2d 1, 15).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.