■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD NEAL, Appellant. [701 NYS2d 393] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered December 5, 1996, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 4 to 8 years, unanimously affirmed.

Defendant's claims that the court failed to meaningfully respond to the jury's requests for a rereading of the charges and failed to follow the procedures set forth in *People v O'Rama* (78 NY2d 270, 277-278) are unpreserved and we decline to review them in the interest of justice. We do not find the *O'Rama* exception to the preservation requirement to be applicable (*see, People v Starling*, 85 NY2d 509, 516; *People v DeRosario*, 81 NY2d 801, 803). Although one portion in the jury's second note to the court was not read into the record, counsel was aware of the second note's existence and was not deprived of an opportunity to read it, the court had previously informed counsel of the jury's initial request to reread the charges, and counsel was again made aware of the request during colloquy between the court and the jury.

Were we to review defendant's claims, we would find the court did not prejudice defendant by seeking clarification of the jury's request (*see, People v Malloy*, 55 NY2d 296). The court

was at all times responsive and there was no attempt to coerce the jury or dissuade it from getting the information it sought (*see, People v Ortiz*, 265 AD2d 431; *People v Owens*, 214 AD2d 480, *lv denied* 86 NY2d 799). The court made clear its intention to comply with the jury's request upon clarification, but, rather than submitting a clarifying note, the jury rendered a verdict. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.