■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN KNIGHT, Appellant. [706 NYS2d 317] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered April 8, 1997, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 10 and 7 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations in this case in which defendant was charged with acting in concert with his companion, and find that there was ample evidence

from which defendant's intent to use force for the purpose of retaining stolen property could be readily inferred.

Each of defendant's various contentions concerning the court's treatment of a note from a deliberating juror expressing concerns about being sequestered over the weekend requires preservation under the circumstances (*see, People v Starling*, 85 NY2d 509, 516; *People v DeRosario*, 81 NY2d 801), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would reject them. First, there was no undue delay in responding to the note. While the note indicates that it was written on the first day of deliberations, it also indicates that it was received by the court the next day, shortly before the court addressed it. Next, there was no violation of *People v O'Rama* (78 NY2d 270). The court read the note verbatim into the record, except for the date on which it was apparently written. There is no indication in the record that defense counsel was prevented from examining the note (*see, People v Neal*, 268 AD2d 307), and, although counsel was on notice of a discrepancy as to when the note was written, no request for clarification was made. The court's response to the juror's concerns about the prospect of further sequestration was meaningful. Defendant declined the court's offer to interview the juror individually, and the court's unobjected-to instruction to the jury as a whole was a meaningful response (*see, People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847), particularly since the jury reached a verdict early in the afternoon, well before the jury would have expected to be sent back to the hotel (*see, People v Agosto*, 73 NY2d 963). Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.