■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHZELL WHEELER, Also Known as RUSSELL HARRINGTON, Appellant. [706 NYS2d 629] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered September 5, 1996, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 3½ to 7 years, unanimously affirmed.

Defendant has failed to preserve for appellate review his contention that the court violated the principles of *People v O'Rama* (78 NY2d 270) by purportedly delivering an *Allen* charge (*Allen v United States*, 164 US 492) after disavowing any intention to do so (*see, People v Starling*, 85 NY2d 509, 516; *People v DeRosario*, 81 NY2d 801, 803; *see also, People v Burgos*, 207 AD2d 656, *lv denied* 84 NY2d 906), and we decline to review it in the interest of justice. Were we to review such claim, we would find that the instruction provided was not a "full-blown" *Allen* charge, such as the one delivered the following day, and that there was no *O'Rama* violation. The court read into the record in open court the note from the deliberating jurors, which stated that they were unable to reach a verdict, and defendant had a meaningful opportunity to contribute to the court's response. In fact, counsel argued that an *Allen* charge would be fruitless. The court then appropriately

responded to the note by informing the jurors that the case was important to both sides, that everybody had been working hard, that the jurors were the triers of fact and that they should not rely on conjecture but should instead apply common sense. The court also advised the jurors that they had a right to "stick to [their] guns or [their] conclusions." Counsel never objected to the court's procedure nor made any specific objection to the response provided. If in fact the charge were considered to be an *Allen* charge, we would find that it was clear and noncoercive.

The court's *Sandoval* determination was a proper exercise of discretion.

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.