■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO CINTRON, Appellant. [709 NYS2d 67] —Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered June 12, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's claim that the court failed to follow the procedures set forth in *People v O'Rama* (78 NY2d 270, 277-278) in responding to the jury's request to visit the crime scene is unpreserved for appellate review. The court apprised defense counsel of the contents of the note prior to responding. Defense counsel did not request to inspect the note. When given the opportunity to meaningfully participate immediately following the court's response, defense counsel never argued that the court's failure to read the note verbatim deprived him of knowledge of its substance nor argued that the court's failure to consult him prior to responding deprived defendant of due process or effective assistance of counsel (*see, People v Starling*, 85 NY2d 509, 516; *People v DeRosario*, 81 NY2d 801, 803). We decline to review this claim in the interest of justice. Were we to review this claim, we would find that, while the procedure employed by the court failed to follow the sequence set forth in *O'Rama*, the error was harmless because defense counsel was given an opportunity to be heard regarding the response before the jury had any opportunity to deliberate (*see, People v Jones*, 247 AD2d 272, *lv denied* 92 NY2d 927). Moreover, under the particular circumstances, counsel's input concerning the requested crime scene visit would have had no greater influence had it been received prior to the court's response.

The court properly exercised its discretion in denying the requests made by defendant and the deliberating jury that the jury be taken to the crime scene (*see,* CPL 270.50 [1]).

The challenged portions of the People's summation were responsive to defendant's summation and did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.