■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCMAHON, Appellant. [713 NYS2d 343] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered December 23, 1996, convicting defendant, after a jury trial, of two counts each of rape in the first degree, robbery in the first degree and burglary in the first degree and one count of criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to three concurrent terms of 12½ to 25 years, to be served consecutively to three additional concurrent terms of 12½ to 25 years and a term of 1 year, unanimously affirmed.

Defendant was not prejudiced by the court's failure to follow the precise procedure set forth in *People v O'Rama* (78 NY2d 270) in responding to a note from the deliberating jury, since defendant was afforded meaningful input into the court's response (*compare, People v Cook*, 85 NY2d 928, 931). Defendant was given a full opportunity to comment on the court's response as given and to suggest further response before the jury was returned to deliberate. The court's response was proper and consistent with defendant's comments. The only error was in the sequence in which the *O'Rama* steps were taken, and under the circumstances, there was no prejudice (*see, People v Cintron*, 273 AD2d 84; *People v Jones*, 247 AD2d 272, *lv denied* 92 NY2d 927).

The court properly exercised its discretion in denying defendant's request for daily copy of trial minutes (*see, People v Zabrocky*, 26 NY2d 530, 536). The fact that the court granted daily copy of hearing minutes and denied daily copy of trial minutes did not violate defendant's equal protection or due process rights (*see, People v Walker*, 81 NY2d 661, 668). The circumstance that defendant was represented by counsel at the hearing but represented himself, with standby counsel, at trial was clearly not the basis for the court's ruling. We note that it

is a common practice to order daily copy of hearing minutes for the purpose of minimizing delay in proceeding to trial.

Defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are unpreserved or otherwise procedurally defective and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.