**Marco Antonio BARRIOS, Petitioner–Appellant,**

v.

**Floyd BENNETT, Superintendent of Elmira Correctional Facility; Glenn Goord, Commissioner, New York State Department of Correctional Services; Dennis Vacco, Attorney General of the State of New York, Respondents–Appellees.**

Docket No. 98–2729.

United States Court of Appeals, Second Circuit.

Jan. 14, 2001.

Ronald L. Kuby, Law Office of Ronald L. Kuby, New York, NY, for appellant.

Paul J. Williams, III, Assistant District Attorney; J. Michael Marion, of counsel, on the brief, for Frank J. Clark, District Attorney of Erie County, Buffalo, NY, for appellees.

Present: LEVAL, CABRANES, STRAUB, Circuit Judges.

SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner appeals the dismissal of his petition for habeas corpus by the United States District Court for the Western District of New York. We granted a certificate of appealability on whether appellate counsel provided ineffective assistance for failing to raise an issue regarding the trial judge's failure to give counsel notice and advance opportunity to comment on several jury requests for readbacks of testimony and of the court's instructions. In *People v. O'Rama*, 78 N.Y.2d 270, 574 N.Y.S.2d 159, 579 N.E.2d 189 (1991), in which the trial judge had refused defense counsel's request to see the jury's deadlock note, the New York Court of Appeals delineated guidelines requiring notice and opportunity to comment on jury inquiries to the court. *O'Rama*, however, required automatic reversal for failure to follow these guidelines, regardless whether prejudice was shown, only in circumstances where the jury request raises "important, substantive" issues that critically affect the jury's deliberations. *Id.* at 279–80. *O'Rama* distinguished *People v. Agosto*, 73 N.Y.2d 963, 966, 540 N.Y.S.2d 988, 538 N.E.2d 340 (1989), in which the jury note involved a trivial request. *See also People v. Jones*, 247 A.D.2d 272, 667 N.Y.S.2d 905 (1st Dept.), *lv. denied* 92 N.Y.2d 927, 680

N.Y.S.2d 468, 703 N.E.2d 280 (1998); *People v. Beckham,* 174 A.D.2d 748, 571 N.Y.S.2d 775 (2d Dept.), *lv denied* 79 N.Y.2d 824, 580 N.Y.S.2d 205, 588 N.E.2d 103 (1991). Given the routine and nonsubstantive nature of the jury notes involved here, petitioner was not entitled to have his conviction overturned merely because the court responded to the jury without first showing the note to counsel.

The New York Court of Appeals also requires that counsel make a timely objection upon receipt of notice that the jury has made an inquiry, so as to give the trial court the opportunity to obviate the error. *People v. Starling,* 85 N.Y.2d 509, 516, 626 N.Y.S.2d 729, 650 N.E.2d 387 (1995); *see also People v. Neal,* 268 A.D.2d 307, 701 N.Y.S.2d 393 (1st Dept.), *lv. denied* 95 N.Y.2d 837, 713 N.Y.S.2d 144, 735 N.E.2d 424 (2000); *People v. Tinner,* 209 A.D.2d 457, 618 N.Y.S.2d 110 (2d Dept.1994), *lv. denied* 85 N.Y.2d 915, 627 N.Y.S.2d 338, 650 N.E.2d 1340 (1995). Any error remains unpreserved here, as no objections were made by trial counsel.

Where *O'Rama* does not require reversal, and there was neither prejudice nor timely objection by trial counsel, appellate counsel was not ineffective for failing to include the issue in petitioner's Appellate Division brief.

Accordingly, we affirm the judgment of district court.