■ The People of the State of New York, Respondent, v Marquez McFadden, Appellant. [749 NYS2d 243] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered September 2, 1998, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

The court properly denied defendant's request for a missing witness charge as to two individuals. Although the court failed to make any determinations as to such relevant factors as timeliness of application, control, availability, materiality and cumulativeness (*see People v Gonzalez*, 68 NY2d 424), and summarily denied the application without hearing from the People on any of these issues, the record is sufficient for this Court to make its own findings (*see People v Jones*, 247 AD2d 272, *lv denied* 92 NY2d 927; *see also People v Brady*, 16 NY2d 186, 189). Defendant's motion was extremely untimely in that it was made after the court had charged the jury. Furthermore, there is no indication that either witness could have been expected to provide noncumulative testimony. In any event, were we to find any error, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt.

The record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714). Defendant was not deprived of effective assistance by his trial counsel's decision not to request a jury instruction on the affirmative defense to first-degree robbery, since it was a reasonable strategy to forgo that defense and rely entirely on defendant's complete denial of guilt (*People v Guzman*, 276 AD2d 262, *lv denied* 95 NY2d 935; *People v Sanchez*, 244 AD2d 284, *lv denied* 91 NY2d 897).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Mazzarelli, Saxe and Marlow, JJ.