[801 NYS2d 69]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GANESH KISOON, Also Known as GANESH KISSON, Appellant.

Second Department, September 12, 2005

### APPEARANCES OF COUNSEL

*Lynn W. L. Fahey*, New York City (*M. Chris Fabricant* of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano, Donna Aldea* and *Jason P. Garelick* of counsel), for respondent.

### OPINION OF THE COURT

FISHER, J.

The principal issue presented on this appeal concerns whether, and to what extent, a trial court's error in handling a jury note in a criminal case is subject to the rules of preservation. The facts are largely undisputed.

Some 90 minutes after submitting this contested buy-and-bust case for deliberation, the court received a note from the jury which read as follows: "We took a vote. We are not unanimous. We are 10 guilty to 2 not guilty on all three counts. Furthermore, we believe that further deliberation will not change our decision."

The court did not show the note to counsel and never read it into the record. Instead, it announced that "[t]he jury has sent the Court a note saying that further deliberations are hopeless, that they are hopelessly deadlocked." The court immediately ordered the jury returned to the courtroom and delivered an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]). The jury resumed deliberations and thereafter convicted the defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree. At no time did defense counsel object to the way the court handled the note or to the *Allen* charge as given. He never asked to see the note or to have it read verbatim into the record, and he made no suggestions as to how the court should respond.

On appeal, the defendant argues that he was deprived of his right to the assistance of counsel when the court failed to inform

his attorney of the actual contents of the note. He also maintains that the *Allen* charge was coercive. The People contend that the *Allen* charge was proper and that, in any event, by not objecting to the instruction or to the way the court handled the jury note, the defendant failed to preserve his claims of error for appellate review.

We agree that, read as a whole, the court's *Allen* charge was not coercive (*see People v Ford,* 78 NY2d 878 [1991]; *People v Kinard,* 215 AD2d 591 [1995]; *cf. People v Aponte,* 2 NY3d 304 [2004]), and that the defendant's contention to the contrary was not preserved for appellate review (*see People v Battle,* 15 AD3d 413 [2005]; *People v Ali,* 301 AD2d 609 [2003]; *People v Auguste,* 294 AD2d 371 [2002]). We find, however, that the manner in which the trial court dealt with the jury's note was erroneous, prejudicial, and not subject to the preservation rule. As a result, we reverse the judgment and order a new trial.

There are few moments in a criminal trial more critical to its outcome than when the court responds to a deliberating jury's request for clarification of the law or further guidance on the process of deliberations. Indeed, the court's response may well determine whether a verdict will be reached, and what that verdict will be (*see People v Ciaccio,* 47 NY2d 431, 436 [1979]).

Because at that stage of the proceedings neither the prosecutor nor defense counsel can address the jury's concerns directly, the law requires that both have the opportunity to be heard on the question of how the court should respond. And that opportunity can be meaningful only if they have a full understanding of the jury's inquiry.

CPL 310.30 provides in pertinent part:

> "At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must direct that the jury be returned to the courtroom and, *after notice to both the people and counsel for the defendant,* and in the presence of the defendant, must give such requested information or instruction as the court deems proper." (Emphasis supplied.)

In *People v O'Rama* (78 NY2d 270, 277 [1991]), the Court of Appeals held that the notice called for by the statute "means

notice of the actual specific content of the jurors' request." As the Court explained, "the precise language and tone of the juror note may be critical to counsel's analysis of the situation in the jury room and ability to frame intelligent suggestions for the fairest and least prejudicial response" (*id.*).

In order to insure that counsel receive such meaningful notice, the Court of Appeals in *O'Rama* adopted a procedure by which jury notes were to be handled. The Court wrote:

> "[W]henever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel . . . After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses . . . [T]he trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court's response and the context in which it is being made" (*id.* at 277-278).

Because it is reasonable to require counsel to object, for example, to a court's failure to mark a note as an exhibit or even to its failure to share with counsel its intended response or to afford counsel an adequate opportunity to be heard, most departures from the *O'Rama* procedures are subject to the usual rules of preservation (*see People v Starling*, 85 NY2d 509 [1995]; *People v DeRosario*, 81 NY2d 801, 803 [1993]; *People v Battle*, *supra*; *People v Mitchell*, 2 AD3d 145 [2003]; *People v Tolbert*, 283 AD2d 930 [2001]; *People v Cintron*, 273 AD2d 84 [2000]; *People v Wheeler*, 271 AD2d 257 [2000]). But a court's failure to fulfill its core responsibility to give counsel meaningful notice of the contents of the note is not.

In *O'Rama*, a juror sent a note during deliberations which read:

"Your honor,

"I feel I am having problems and need more direction than you and or the court is giving me.

"I have listened as a reasonable person and have a great deal of respect for the opinions of the people in the room.

"I do however believe that there are people who are so set including myself who are looking at the same evidence in such opposite ways that it doesn't seem that I am going to change my mind (either side).

*"Repeating (the evidence so many times just pushes people further apart.)* Other aspects are coming into play . . . people's attitudes and actions. I don't feel I can honestly come up with a different decision than I have. I am *not the only one* on the *jury who feels this way* but may be the only one that has conviction enough to say so.

"We are split down the middle *HELP* 6/6." (*People v O'Rama, supra* at 275 n 2.)

The judge did not read the note aloud. Instead, he summarized the "substance" of the note's contents, saying that it "indicates that there are continued disagreements among the jurors" (*id.* at 275). After delivering an *Allen* charge and sending the jury back to its deliberations, the judge told counsel that he had not read the note to them because "it indicate[d ] [w]hat the present posture is as far as votes" (*id.*). Defense counsel then for the first time sought disclosure of the note's contents. The judge refused the request.

The Court of Appeals described the judge's action in summarizing only part of the note rather than reading all of it verbatim as having had "the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial" (*People v O'Rama, supra* at 279). That error, the Court held, "represented a significant departure from ' "the organization of the court or the mode of proceedings prescribed by law" ' " and was therefore not subject to the preservation rule (*id.*; *see also People v Starling, supra* at 516; *but see People v Jervis,* 12 AD3d 163 [2004]). Thus, the Court established what has since been recognized as "the *O'Rama* exception to the preservation requirement" (*People v Neal,* 268 AD2d 307, 307 [2000]).

Here, the trial court's decision not to read the note verbatim but to summarize it in a way that, among other things, con-

cealed the status of the jury's vote, was essentially the same error committed by the trial judge in *O'Rama*—the very error to which the Court of Appeals declined to apply the preservation rule (*compare with People v Knight*, 270 AD2d 158 [2000] [preservation rule applied where court read the note verbatim into the record, except for the date on which it was apparently written, and counsel was otherwise on notice of a discrepancy as to the date of the note]). Moreover, neither the prosecutor nor defense counsel here was given any reason to believe that the court's statement to them disclosing the note was only a partial summary, rather than a verbatim reading, of its contents. To require an attorney, in such circumstances, to insist on seeing the note personally would not only impose upon counsel the burden of having to demand information which, by law, the court is obligated to disclose (*see* CPL 310.30), but would, for all practical purposes, eviscerate the exception to the preservation rule carved out by the Court of Appeals in *O'Rama*. We conclude, therefore, that the error in failing to reveal the full content of the note is not subject to the usual rules of preservation.

Further, we respectfully disagree with our dissenting colleagues that reversal is unwarranted because the way the court handled the note caused the defendant no prejudice. In rejecting a similar argument in *O'Rama,* the Court of Appeals wrote:

> "Manifestly, defendant was prejudiced by the court's actions, since the decision to withhold the contents of the juror's note deprived him of the opportunity to have input, through counsel or otherwise, into the court's response to an important, substantive juror inquiry . . . [W]here, as here, the trial court did respond to the juror's inquiry with a substantive Allen instruction that was, unquestionably, intended to have an effect on the deliberative process . . . the court's failure to notify counsel of the note's contents, which resulted in a denial of the right to participate in the charging decision, was inherently prejudicial" (*People v O'Rama,* 78 NY2d at 279-280).

The circumstances here are indistinguishable from those in *O'Rama*. Moreover, aside from the prejudice inherent in withholding the contents of a jury note, there was actual prejudice here as well. The note at issue revealed that the jurors were split 10 to 2 for conviction on each of the three counts. As argued

in the defendant's brief to this Court, had counsel been aware of the fact that only two jurors were holding out for acquittal, he might well have asked the trial court, as part of its response, to include language stressing the importance of jurors not surrendering conscientiously-held views merely for the purpose of returning a verdict. The court's *Allen* charge did not include such language.

We conclude, therefore, that the court committed error in the way it dealt with the jury note, that the error was not subject to the usual preservation rules, and that, in view of both the inherent prejudice and the actual prejudice suffered by the defendant, the error cannot be overlooked as harmless. Accordingly, the judgment should be reversed and a new trial ordered (*see People v Roberts,* 236 AD2d 848, 849 [1997]; *People v Barteau,* 223 AD2d 386 [1996]; *People v Tavares,* 212 AD2d 646 [1995]).

Schmidt, J. (dissenting). Approximately 90 minutes into the deliberations, the jurors sent a note to the court stating that they believed that they would never reach a unanimous verdict and their current vote totals on each charge. The court summarized the contents of the note to the attorneys outside the presence of the jury, but did not inform the attorneys of the vote total. After the jury was seated, the court read the following portion of the note: "[W]e believe that further deliberation will not change our decision," without mentioning the vote totals, and delivered an *Allen* charge (*see Allen v United States,* 164 US 492 [1896]). Defense counsel never sought to see the note or have it read verbatim into the record, nor did he ask the court to inform him what its intended response to the note was, or suggest language for the court's charge. Moreover, defense counsel never objected to the *Allen* charge either as the court was delivering it or after the jury had retired to deliberate.

The trial court did not follow the procedure suggested in *People v O'Rama* (78 NY2d 270 [1991]) for dealing with notes from the jury. The court's summary, while essentially the same as the language of the note, did not state that the jury was voting 10 to 2 in favor of conviction. However, we find the defendant's claim that it was error for the court not to inform defense counsel of the actual contents of the jury's note is unpreserved for appellate review because he did not object at any time to the court's failure to read the note, nor did he ask for permission to view the note. While defense counsel could have obviated the court's error with a timely objection, he chose instead to remain silent.

The majority holds that traditional preservation rules do not apply and the conviction should be overturned notwithstanding the defendant's failure to object to the court's procedure at trial. In *People v O'Rama* (*supra* at 279) the Court of Appeals held that a defendant need not object to the trial court's improper handling of a jury note in order to challenge the court's procedure on appeal if the court's actions had the effect of "preventing defense counsel from participating meaningfully in this critical stage of the trial" (*see People v Cook,* 85 NY2d 928, 931 [1995]; *see also People v Guzman,* 259 AD2d 632 [1999]; *People v Heath,* 234 AD2d 388 [1996]). However, in these cases the trial court affirmatively prevented defense counsel from having any input into formulating the court's response to the note. Here, in contrast, although the court did not read the note verbatim or invite defense counsel to participate in formulating the response, it did not prevent counsel from reading the note or from suggesting or commenting on the response to the jury, nor did it refuse counsel an opportunity to make a record of any objections (*see People v Cook, supra* at 930). It is the absence of these actions by the trial court that distinguishes this case from *O'Rama* and its progeny, as the court's handling of the jury note did not prevent defense counsel from meaningful participation in responding to the jury's inquiry. Therefore, this case is not within the *O'Rama* exception to traditional preservation rules.

Moreover, *O'Rama* is distinguishable because there the trial court summarized a lengthy and detailed juror's note by merely stating "there are continued disagreements among the jurors" (78 NY2d at 275). Here, the court's summary of the jury's note, along with its reading of a portion of the note, accurately conveyed to defense counsel the essential "language and tone" of the jury's inquiry (*id.* at 277). In *People v DeRosario* (81 NY2d 801 [1993]), the Court of Appeals had occasion to revisit this issue and rejected the defendant's contention that no preservation was necessary, distinguishing the court's actions from *O'Rama.* The Court stated that *O'Rama* involved "a total deprivation to defense counsel of notice and an opportunity to participate meaningfully in the court's response" while traditional preservation rules applied in *DeRosario* because defense counsel had been present, was given notice of the jury's inquiry and had participated in formulating the court's response (*id.* at 803). Similarly, in *People v Starling* (85 NY2d 509 [1995]), the Court of Appeals held that traditional rules requiring timely objection

were applicable because "defense counsel was given notice of the contents of the jury notes and had knowledge of the substance of the court's intended response . . . counsel's silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable here" (*id.* at 516).

Here, there is no merit to the contention that the trial court somehow led defense counsel to believe it was actually reading the note instead of paraphrasing it. The statement by the court when it summarized the note cannot reasonably be interpreted as a verbatim reading. Moreover, the fact remains that defense counsel never asked to see the note, did not ask that it be read into the record, and did not ask the court to inform him of its intended response. Indeed, the only part of the note not conveyed to defense counsel was the current vote of the jury. The defendant argues that had defense counsel known that two jurors were voting to acquit he might have asked the court to include language in the charge stressing the importance for jurors to not surrender their conscientiously held views. However, counsel knew that the jury was "deadlocked," and at least one juror was voting for acquittal, yet he failed to request that this language be included in the supplemental *Allen* charge. Instead, he chose to sit silently while the trial court responded to the jury's note. Accordingly, the defendant's argument that the trial court's actions deprived him of the assistance of counsel at a critical stage of the proceeding is unpreserved for appellate review (*see People v Cintron,* 273 AD2d 84 [2000]; *People v Neal,* 268 AD2d 307 [2000]). Furthermore, the court's response to the jury's note does not warrant reversal as the defendant was not prejudiced thereby (*see People v Maldonado,* 237 AD2d 463 [1997]; *People v Tinner,* 209 AD2d 457 [1994]).

Florio, J.P., and Luciano, J., concur with Fisher, J.; Schmidt and Adams, JJ., dissent and vote to affirm the judgment in a separate opinion by Schmidt, J.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.