■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MATEO, Appellant. [861 NYS2d 904]—

Appeal from a judgment of the Cayuga County Court (Mark

H. Fandrich, J.), rendered May 9, 2006. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). County Court properly precluded defendant from impeaching a defense witness with respect to his allegedly inconsistent testimony at defendant's first trial. The testimony of that witness at the retrial that he did not recall certain details of the incident did not damage or tend to disprove the defense (*see People v Mejia*, 273 AD2d 256 [2000], *lv denied* 95 NY2d 936 [2000]; *see generally People v Fitzpatrick*, 40 NY2d 44, 50-52 [1976]). Defendant failed to preserve for our review his contention that the court erred in failing to read a note from the jury verbatim into the record (*see People v Cintron*, 273 AD2d 84 [2000], *lv denied* 95 NY2d 889 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, defendant contends that he was improperly sentenced as a second felony offender based on the People's failure to file a second felony offender statement pursuant to CPL 400.21 (2) following his retrial. Defendant failed to preserve that contention for our review (*see People v Beu*, 24 AD3d 1257 [2005], *lv denied* 6 NY3d 809 [2006]) and, in any event, we conclude under the circumstances of this case that defendant's contention lacks merit. The People filed a second felony offender statement at the first trial and defendant admitted his status as a second felony offender at that time and at sentencing following the retrial. We thus conclude that there was substantial compliance with the statute (*see id.*). Present— Hurlbutt, J.P., Smith, Lunn, Green and Gorski, JJ.