■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NACHE AFRIKA, Appellant. [879 NYS2d 758]—

Appeal from a resentence of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered May 12, 2006. Defendant was resentenced upon his conviction of robbery in the first degree and sodomy in the first degree.

It is hereby ordered that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and sodomy in the first degree (former § 130.50 [1]), and he appeals from the resentence on that conviction. The sole contention of defendant is that Supreme Court erred in resentencing him as a second violent felony offender because the People failed to refile a second violent felony offender statement pursuant to CPL 400.15 (2) at the time of his resentencing. Defendant failed to preserve that contention for our review inasmuch as, upon resentencing, he challenged only the constitutionality of the predicate violent felony conviction (*see generally People v Beu,*

24 AD3d 1257 [2005], *lv denied* 6 NY3d 809 [2006]). In any event, defendant's contention lacks merit. Even assuming, arguendo, that defendant is correct in contending that the People were required to refile the second violent felony offender statement at resentencing and that they failed to do so, we conclude that there was substantial compliance with CPL 400.15 (2) (*see generally People v Mateo*, 53 AD3d 1111 [2008], *lv denied* 11 NY3d 791 [2008]). It is undisputed that the People filed the requisite statement at defendant's original sentencing and that defendant admitted his status as a second violent felony offender at that time (*see generally id.*). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.