■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN SMITH, Appellant. [892 NYS2d 135]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*,

2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

However, the trial court failed to meaningfully respond to a jury note seeking the testimony of two of the police officers who testified at the trial. The note requested the testimony of the police officers "pertaining to how long they were together" prior to an encounter with an unidentified woman who, according to the arresting officer, informed them that the defendant was in possession of cocaine. The trial court determined, over the defendant's objection, that only one of the officers had testified regarding the issue encompassed by the jury note. However, the arresting officer had testified that he was "by [him]self" prior to the encounter with the unidentified woman. Under the circumstances of this case, the trial court's failure to provide the jury with this additional testimony during the read back seriously prejudiced the defendant and constituted reversible error (*see* CPL 310.30; *People v Caisson,* 8 NY3d 129, 134 [2007]; *People v O'Rama,* 78 NY2d 270, 277 [1991]; *People v Ageist,* 73 NY2d 963, 966 [1989]; *People v Laired,* 70 NY2d 428, 435 [1987]; *People v Hamilton,* 140 AD2d 1001 [1988]; *see also People v Tabb,* 13 NY3d 852 [2009]).

Additionally, although not preserved for appellate review because no objection was raised (*see* CPL 470.05 [2]; *People v Baldwin,* 272 AD2d 476 [2000]), under the circumstances of this case, reversal of the defendant's conviction in the exercise of our interest of justice jurisdiction and a new trial are required because the trial court seriously prejudiced the defendant by completely failing to respond to another jury note requesting a readback of the cross-examination testimony of the arresting officer with respect to the issue of whether he "planted evidence" (*see People v Lourido,* 70 NY2d at 435; *People v Tavares,* 212 AD2d 646 [1995]; *People v Colon,* 151 AD2d 146, 152 [1989], *cert denied* 508 US 923 [1993]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.