Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 17, 2009. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree.
It is hereby ordered that the judgment so appealed from is reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of gang assault in the first degree (Penal Law § 120.07). The gang assault resulted in the death of the victim from two stab wounds. Although a police witness testified that between 75 and 100 people may have seen the incident, only one eyewitness identified defendant as a participant, and that eyewitness testified that defendant hit the victim with a bottle and held the victim while others beat her. Defendant contends, inter alia, that it was reversible error for County Court to accept the verdict without first responding to three notes from the jury. We agree, and we therefore reverse the judgment and grant a new trial.
The record establishes that the court advised the attorneys at 6:02 p.m. that they could “remain unavailable” until 7:30 p.m., at which time any “questions or concerns” raised by the jury would be addressed. During that recess, the jury sent three notes into the court. The first note stated that “we would like to have the instructions regarding the importance of a single witness in a case versus multiple witnesses and the instructions about the meaning of reasonable doubt read back to us.” The second note contained a request “to hear [the eyewitness’s] testimony regarding [defendant’s] leaving of the crime scene” and a request for “more jury request sheets.” The third note contained a request for a “smoke break.” Upon reconvening at 7:51 p.m., the court read the notes into the record in the presence of counsel. The court indicated that it would read the requested instructions to the jury and, while determining whether there was testimony from the eyewitness about defendant leaving the scene, the court received a further note at 7:54 *1451 p.m. stating that the jury had come to a verdict. The court recessed until 8:10 p.m., at which time it accepted the verdict without any further mention of the jury notes.
As a preliminary matter, we conclude that “the core requirements of CPL 310.30 [were] triggered” inasmuch as the jury requested a readback of a portion of the testimony of the sole witness who had identified defendant (People v Kahley, 105 AD3d 1322, 1325 [2013]), as well as a readback of certain legal instructions (see People v O’Rama, 78 NY2d 270, 277-278 [1991]). We agree with defendant that, although defense counsel failed to object to the court’s procedure of accepting the verdict without responding to the jury’s notes, the failure of the court to provide a meaningful response to the substantive requests of the jury is a mode of proceedings error for which preservation is not required (see People v Kisoon, 8 NY3d 129, 135 [2007]; O’Rama, 78 NY2d at 279; cf. People v Geroyianis, 96 AD3d 1641, 1643 [2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]). Indeed, “there are few moments in a criminal trial more critical to its outcome than when the court responds to a deliberating jury’s request for clarification of the law or further guidance on the process of deliberations” (Kisoon, 8 NY3d at 134-135 [internal quotation marks omitted]). The jury may have resolved the factual issue regarding whether the eyewitness testified that she saw defendant leave the scene without further instruction assistance from the court (see People v Sanders, 227 AD2d 506, 506 [1996], lv denied 88 NY2d 994 [1996]). However, the request for a readback of the instruction on reasonable doubt, the determination of which is the crux of a jury’s function, and for a readback of the instruction regarding “the importance a single witness in a case versus multiple witnesses,” “demonstrates the confusion and doubt that existed in the minds of the jury with respect to . . . crucial issue [s] . . . The jury is entitled to the guidance of the court and may not be relegated to its own unfettered course of procedure” (People v Hall, 101 AD2d 956, 957 [1984]). We therefore conclude that the court’s failure to respond to the jury’s notes seeking clarification of those instructions before the verdict was accepted “seriously prejudiced” defendant (People v Lourido, 70 NY2d 428, 435 [1987]; see People v Clark, 108 AD3d 797, 800 [2013]; People v Smith, 68 AD3d 1021, 1022 [2009]; cf. People v Agosto, 73 NY2d 963, 966 [1989]; People v Lynch, 60 AD3d 1479, 1481 [2009], lv denied 12 NY3d 926 [2009]).
We have reviewed defendant’s remaining contentions and conclude that they are without merit.
All concur except Lindley, J., who dissents and votes to affirm in the following memorandum.